STATE OF NEBRASKA, APPELLEE, v. EDWIN A. LEE, APPELLANT.

237 N. W. 2d 880

Filed January 29, 1976. No. 40202.

LeRoy Anderson of Murphy, Pederson & Piccolo, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was found guilty by a jury of the crime of unlawful possession of a firearm by a felon and sentenced to imprisonment for 1 year.

The evidence established without serious dispute that the defendant did possess a 22-caliber revolver with a 4¾-inch barrel. The defendant's assignments of error rest on three principal contentions: (1) That the State failed to prove that the revolver was a "firearm" because it failed to prove that the revolver was operable; (2) that a continuance granted by the court was im-

proper; and (3) that the State failed to prove that the defendant, Edwin A. Lee, was the same person as the Edwin Lee convicted of a felony as shown by an authenticated transcript of conviction in evidence here.

Section 28-1011.15, R. S. Supp., 1974, makes it unlawful for any person who has been convicted of a felony to possess any firearm with a barrel less than 12 inches in length. The evidence established the defendant's possession of a 22-caliber revolver with a 4¾-inch barrel. The revolver was admitted into evidence. At various places in the testimony it was referred to as a "gun," a "weapon," a "revolver," as well as a "firearm." It was examined and the barrel measured by a witness who had extensive experience and training with firearms. No witness even intimated that the gun was not operable, although no one affirmatively testified that the gun was in operating condition.

The jury was instructed that a "firearm" is an instrument used to propel shot, shell, or bullets by the action of gunpowder exploded within it, and that the State must establish that the defendant did possess a firearm with a barrel less than 12 inches in length. No error is assigned as to instructions.

The defendant contends that the State must prove not only that the instrument is a gun or firearm but also that it is operable and capable of being fired, even though there is nothing in the record which even suggests that the "firearm" here was not, in fact, operable.

Some courts have held that evidence of a defective or inoperable condition of a firearm was an affirmative defense which the defendant should be required to establish. We think the better rule, however, to be that evidence of possession of a revolver or gun of prohibited description, which is in apparently good condition and has the characteristics and appearance commonly understood to be those of the firearm it purports to be, is prima facie evidence sufficient to go to the jury in a prosecution under section 28-1011.15, R. S. Supp., 1974.

See, Commonwealth v. Lee, 224 Pa. Super. 17, 302 A. 2d 474; State v. Thomas, 244 Ore. 377, 418 P. 2d 837; State v. Bolin, 200 Kan. 369, 436 P. 2d 978.

The defendant contends that it was error for the District Court to grant a continuance during the course of the trial. The continuance was from Tuesday afternoon to Friday morning to permit the State to present a final witness not available on Tuesday. The ground of defendant's objection is that the State made no written motion for continuance supported by affidavits in accordance with section 25-1148, R. R. S. 1943, and section 29-1206, R. S. Supp., 1974, and that the granting of the continuance was an abuse of discretion. The argument is that the claimed error is presumptively prejudicial, but there is no claim or showing of any actual prejudice.

In this case, as in Waite v. State, 169 Neb. 113, 98 N. W. 2d 688, the continuance was granted to enable the State to produce a witness to identify the defendant as the person previously convicted of another felony. In the Waite case this court held that a trial court may, in a proper case, order a continuance on its own motion. The District Court here, although acting at the request of the county attorney and over the objection of the defendant, specifically took notice of the fact that the county attorney had taken office as county attorney only a few days before, and granted leave to him to secure the additional evidence. As in Waite, the trial court here was acting for the obvious purpose of preventing a miscarriage of justice and in the exercise of a sound judicial discretion.

Under circumstances where the trial court, on its own motion, could properly grant a continuance, it would be strange indeed to hold that he could not grant the same continuance at the request of one of the parties. In the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal. Elm Creek State Bank v. Depart-

ment of Banking, 191 Neb. 584, 216 N. W. 2d 883. There was no abuse of discretion here.

The defendant's final contention is that the evidence was insufficient to establish that the defendant had previously been convicted of a felony. Where conviction of a previous felony is an essential element of the crime charged, we have consistently held that proof of such prior conviction is properly made by offering in evidence the complaint or information, the judgment rendered on the verdict or the plea of guilty, evidence that the judgment has become final, and that defendant is the same person presently before the court. State v. Ninneman, 179 Neb. 729, 140 N. W. 2d 5.

At the commencement of the trial here, the State identified exhibit 1 and offered it in evidence. The defendant objected to its introduction on the ground, among other things, that there was no showing that the defendant was the same defendant presently before the court. At that time ruling was reserved on exhibit 1. Exhibit 1 contained authenticated copies of an information, jury verdict, and judgment of conviction. They established the prosecution and subsequent conviction of Edwin Lee for the felony crime of forcible breaking and entering of a building in Thayer County, Nebraska, on July 7, 1968. As evidence of identity, the State called the sheriff of Thayer County, Nebraska. He testified that he had been in the sheriff's office for 12 years, and had been personally acquainted with the defendant for at least 15 or 20 years. The sheriff testified that the defendant was the person prosecuted in Thayer County in approximately 1968. The defendant did not cross-examine the sheriff, and exhibit 1 was then received in evidence over the objection of the defendant. While the examination of the sheriff by the county attorney left much to be desired, the evidence elicited was sufficient to support the jury finding.

The judgment is affirmed.

AFFIRMED.