**GOVERNMENT OF the VIRGIN ISLANDS, Appellee,**

v.

**REVIERE, Darryl, Appellant.**

**No. 81–2084.**

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1981.
Decided Feb. 10, 1982.

George M. Alexis (argued), Federal Public Defender for appellant.

Sara Criscitelli (argued), Appellate Section, Criminal Division Dept. of Justice, Washington, D. C., Ishmael A. Meyers, U. S. Atty., Dist. of the Virgin Islands, Charlotte Amalie, V. I., for appellee.

Before HUNTER, VAN DUSEN and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

HUNTER, Circuit Judge:

Defendant/appellant Reviere was charged with one count of first degree burglary, four counts of first degree robbery (14 V.I.C. § 1862(2)), seven counts of first degree assault (14 V.I.C. § 295(3)), one count of unauthorized use of a motor vehicle, and one count of possession of an unlicensed firearm during the commission of a crime. All fourteen counts arose out of the same series of events.

A jury convicted defendant on all fourteen counts. Judge Newcomer sentenced defendant to ten years imprisonment on the burglary count (Count 1) and to five years imprisonment on the firearms count (Count 14), and to a suspended sentence and five years probation on the remaining twelve counts (Counts 2–13; four counts of robbery, seven of assault, one of unauthorized use of an automobile). The five year probation period was to run consecutively with the sentence on Count 1. The sentences on Counts 1 and 14 were concurrent.

On appeal, defendant contends, *inter alia*, that his convictions on four of the seven assault counts should be vacated, because they merged with the four robbery counts.[1] For the reasons which follow, we will affirm.

Defendant was charged with assault in the first degree upon Victor Jones, Alfredo Cotto, Jose Alvarez, Carlos Encarnacion, Orlando Diaz, Raul Torrens, and Esmonde Martin. Defendant was charged with first degree robbery of Victor Jones, Alfredo Cotto, Carlos Encarnacion, and Orlando Diaz. He was convicted on all of those charges. On appeal, he contends that first degree assault is a lesser included offense of first degree robbery, and that his convictions for assaulting Jones, Cotto, Encarnacion, and Diaz violate statutory intent and the double jeopardy clause and should therefore be vacated.

There is no need in this case for this court to reach the question of whether first degree assault is a lesser included offense of first degree robbery. Assuming, without deciding, that first degree assault is a lesser included offense of first degree robbery, the

---

1. Defendant argues that it was error for the trial judge to decline to instruct the jury that it could convict the defendant of the lesser included offense *or* the greater offense, but not both, and that, on appeal, the remedy should be the vacating of the four assault counts.

trial court's action in entering a general sentence on Counts 2–13 was proper and requires no action on appeal.

In *United States v. Corson,* 449 F.2d 544 (3d Cir. 1971) (en banc), this court dealt with the question of how to apply the United States Supreme Court decision in *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). In *Prince,* the Court was faced with a situation in which the district court had sentenced a defendant convicted of a single bank robbery to 20 years for robbery and 15 years for entering to be served consecutively. Interpreting the statutory scheme to resolve an ambiguity in favor of leniency the Supreme Court held that when it established lesser included offenses in the Bank Robbery Act, Congress did not intend to permit the pyramiding of penalties imposed for a single robbery.

2. The Court in *Prince* analyzed the Bank Robbery Act, 18 U.S.C. § 2113, in order to determine whether the offense of entering a bank with intent to commit a robbery and the offense of bank robbery were two separately punishable offenses. 352 U.S. at 324, 77 S.Ct. at 404. The Court ruled that the "mental element merges into the completed crime if the robbery is consummated." *Id.* at 328, 77 S.Ct. at 406. Thus, the defendant, who had been convicted on one count of bank robbery and one count of entering a bank with intent to commit a felony, could not be cumulatively punished for the two convictions.

In the course of its analysis of the Bank Robbery Act, the Court stated that:

It is a fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense is not in the act of entering . . . . Rather the heart of the crime is the intent to steal. *Id.* at 328, 77 S.Ct. at 406. The crimes of entry with intent to commit a felony and bank robbery are analogous to the crimes in this case of assault with intent to rob and robbery; as in *Prince,* it is a fair inference that the assault with intent to rob provision was enacted to cover the situation where a person assaults another with intent to rob, but is prevented from completing the crime.

There is, however, no need for us to hold in this case that the statutory intent mandates treating convictions for assault with intent to

449 F.2d at 549.[2] This court decided in *Corson* that

the only practicable way of implementing *Prince* is to impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carries the greatest maximum sentence.

*Id.* at 551. We vacated the sentence in its entirety and remanded the case for entry of a general sentence on all three counts. *Id.* at 552. In the course of our opinion, we explicitly rejected the "merger theory" according to which, after conviction on all counts, the conviction for the lesser included offense would cease to exist as a punishable offense. *Id.* at 547, 549–50.[3] We also rejected the "court's intention" theory according to which the longest sentence would stand, irrespective of whether it was on the most inclusive count. *Id.* at 547, 550.[4]

rob and robbery of the same person as one crime. The Court in *Prince* analyzed the statute to determine whether entry with intent to rob was a lesser included offense of robbery; its decision that entry with intent to rob was a lesser included offense of robbery constituted an adoption of the more lenient position. *See Simpson v. United States,* 435 U.S. 6, 14, 98 S.Ct. 909, 913, 55 L.Ed.2d 70 (1978) (rule of lenity). Here, we have *assumed* the more lenient position to be the case—*i.e.,* that assault with intent to rob is a lesser included offense of robbery.

3. In *United States v. Gomez,* 593 F.2d 210 (3d Cir.), *cert. denied,* 441 U.S. 948 (1979) (en banc), the majority followed *Corson,* and spoke of that decision as follows:

[b]ecause the merger theory had been rejected, and because the sentencing defect could be corrected by remand for imposition of a general sentence, we were not required to vacate the convictions on any of the counts.[19]

19. No difficulties of a constitutional dimension are raised by leaving intact separate convictions giving rise to a general sentence in this circumstance. . . .
*Id.* at 217 & n.19.

4. In *Corson,* the defendant was convicted of one count of entering a bank with intent to commit a felony, one count of bank robbery jeopardizing life with a dangerous weapon, and one count of bank robbery. Consecutive sentences had originally been imposed on each of the three counts.

Here, the trial court entered one suspended sentence with one term of five years probation for the four robbery counts, the seven assault counts, and the automobile count. This is the equivalent of the general sentence mandated by *Corson.* The five years probation does not exceed the maximum permissible sentence on the count carrying the gravest penalty, and there was no cumulation of sentences for lesser included and greater offenses.[5]

We have examined the other two contentions of appellant, and conclude that those contentions are without merit.[6]

For the foregoing reasons, the trial court will be affirmed.

---

That portion of *Corson* which held that the general sentence could not exceed the maximum sentence *actually imposed* at the first sentencing has since been overruled. *United States v. Busic,* 639 F.2d 940, 953 & n.14 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). In *Busic* this court held

that when a defendant has been convicted after trial and sentenced under a multi-count indictment and on appeal his conviction and sentence as to certain counts is set aside because such counts enhanced the sentence for the predicate felony which contained its own enhancement provision, the constitutional guarantee against double jeopardy does not preclude vacating the sentence on the predicate felony counts and the imposition of a new sentence by the trial judge on the remaining counts, which may be greater than, less than, or the same as the original sentence.[14]

[14] . . . To the extent that our decision[] in . . . *United States v. Corson* . . . may be inconsistent with this opinion, [it is] overruled. However, that portion *of Corson* which discusses the general sentence concept which we here employ remains intact.

5. Appellant contends that allowing the four assault convictions at issue here to stand "must be considered to be highly prejudicial to him in his future dealings with society." Appellant's Brief at 23. Even if he intended to argue that allowing convictions for lesser included of-

fenses to remain will violate the double jeopardy clause prohibition against double punishments because it will have adverse effects on his parole eligibility, he does not supply any support for that argument. In any event, the majority in *United States v. Gomez,* 593 F.2d 210 (3d Cir.), *cert. denied,* 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979) (en banc) apparently rejected a similar argument. *See* 593 F.2d at 223 (Gibbons, J., dissenting). *But see United States v. Grimes,* 641 F.2d 96, 97 n.2 (3d Cir. 1981).

Defendant does not assert any error with regard to his sentences for burglary or possession of an unlicensed firearm or with regard to the relationship between the sentences imposed for those crimes and the probation period imposed on Counts 2–13.

6. Appellant contends that the trial court erred in failing to admit the written version of a prior inconsistent statement into evidence. Assuming for the purposes of argument only that the statement was in fact a prior inconsistent statement and that the court committed an error in refusing to admit it into evidence, that error was harmless. The contents of the prior inconsistent statement were before the jury and the witness was cross-examined about it.

Finally, appellant contends that there was insufficient evidence to warrant his conviction. We disagree.