GOVERNMENT OF the VIRGIN
ISLANDS

v.

Leonardo SOTO, Jr., Appellant.

No. 82–3326.

United States Court of Appeals,
Third Circuit.

Argued April 25, 1983.

Decided Sept. 29, 1983.

Mark L. Milligan (argued), Christiansted, St. Croix, V.I., for appellant.

Andrew J. Reich (argued), Asst. U.S. Atty., Hugh P. Mabe, III, U.S. Atty., Christiansted, St. Croix, V.I., for appellee.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

A six-count information charged appellant Leonardo Soto with armed robbery in violation of 14 V.I.C. § 1862(2) (Count I); three counts of assault with intent to commit robbery in violation of 14 V.I.C. § 295(3) (Counts II–IV); armed burglary in violation of 14 V.I.C. § 442(1) (Count V); and possession of a dangerous weapon during the commission of a crime of violence in violation of 14 V.I.C. § 2251(a)(2)(B) (Count VI). During the course of Soto's trial, the burglary count was dismissed. A jury found Soto guilty on the remaining five counts. On each of the first four counts Soto was sentenced to concurrent five-year prison terms; on the weapons possession count,[1] he was sentenced to two and one-half years imprisonment to be served without benefit of parole and concurrently with the sentences imposed on the other counts.

The evidence introduced at Soto's trial, viewed in the light most favorable to the government, *see Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), reveals the following facts which support the jury's verdict: At about 10:00 p.m. on March 31, 1982, a man, armed with a handgun, entered the Kentucky Fried Chicken restaurant on King Street, Frederiksted, St. Croix and, in the presence of two other employees of the restaurant, Fitzroy Brann and James Browne, forcibly took from the cashier, Elfreda Roberts, over $400.00. Five days later, Brann recognized the driver of a car as the robber, noted the license plate number of the car and reported it to the police. Soto, the owner of the car, was taken into custody. Brann, acting on his own initiative, went to the police station, saw Soto, and identified him to the police as the individual who had robbed Kentucky Fried Chicken the previous week. Prior to and at Soto's trial, both Browne and Brann identified Soto as the robber. A customer of the restaurant identified Soto as being outside the restaurant shortly before the robbery occurred.

1. Hereafter the weapons possession count, originally Count VI, is referred to as Count V.

On appeal Soto has raised, *inter alia,* issues of (1) the sufficiency of the evidence that Soto carried a "dangerous weapon" to support a first degree robbery conviction; (2) the validity of the convictions and sentences imposed on the first degree assault counts; and (3) the validity of the charge and conviction on the dangerous weapon offense.[2]

### Robbery in the First Degree

Count I charged Soto with violation of 14 V.I.C. § 1862(2) (Supp.1982)[3] as follows:

> On or about the 31st day of March, 1982, in the Virgin Islands of the United States, Judicial Division of St. Croix, LEONARDO SOTO, JR., did unlawfully and by means of fear, and by displaying and threatening the use of a handgun, take U.S. currency possessed by KENTUCKY FRIED CHICKEN restaurant, King Street, Frederiksted, and ELFREDA ROBERTS, the cashier from her immediate presence, and against her will, in violation of Title 14 V.I.C. § 1862(2).

The maximum prison sentence for first degree robbery is 20 years. For his conviction on Count I, Soto received five years.

█ Soto contends there was insufficient evidence to support his conviction on Count I in that the government did not produce at his trial the handgun he was charged with displaying, which it had never recovered. Soto contends, therefore, the government did not prove that the handgun was a "dangerous weapon" within the meaning of that term in 14 V.I.C. § 1862(2). However, there is nothing in 14 V.I.C. § 1862(2) which requires that a handgun treated by the holder and perceived by the victims as a dangerous weapon must be demonstrated

by objective evidence to be mechanically capable of inflicting harm. In the absence of evidence to the contrary, a jury may infer from surrounding circumstances that a handgun so treated and displayed is a "dangerous weapon" within the meaning of the statute. *See United States v. Gay,* 623 F.2d 673, 676 (10th Cir.), *cert. denied,* 449 U.S. 957, 101 S.Ct. 366, 66 L.Ed.2d 222 (1980); *Wheeler v. United States,* 317 F.2d 615, 618 (8th Cir.1963); *State v. Platt,* 130 Ariz. 570, 637 P.2d 1073, 1077 (Ariz.App. 1981); *State v. Vondenberg,* 61 Ohio St.2d 285, 401 N.E.2d 437, 439–40 (1980); *State v. Thompson,* 297 N.C. 285, 254 S.E.2d 526, 528 (1979); *State v. Vance,* 285 Or. 383, 591 P.2d 355, 358 (1979) (in banc); *State v. Millet,* 392 A.2d 521, 527–28 (Me.1978); *State v. Lee,* 195 Neb. 348, 237 N.W.2d 880, 882 (1976).

At Soto's trial three witnesses testified that the robber held a gun, pointed it in a threatening manner at each of them and indicated he would use the gun if his demands were not promptly carried out. Browne testified that the robber, holding a gun, said to him, " 'Don't make a move,' that if I make the wrong move, I'm gone." Tr. 42–3. Roberts testified that the robber pointed his gun "straight at me," and said, " 'Miss, don't move. Just give me the money— . . . I'm not going to hurt you, you know. Usually I'm a nice guy. I don't do these things, but I have a sick child, and I really need the money.' " Tr. 83. Brann testified, "Well, I saw him pointing the gun towards the three of us who was in the store at the time. . . . He said, 'Don't move, otherwise you're dead—you're gone.' " Tr. 140. From this evidence the jury was entitled to find Soto guilty of

---

2. Soto also contends he was denied due process because of the admission of pretrial identification evidence that was impermissibly suggestive and of in-court identification evidence that was consequently tainted; that the trial court's jury instructions on identification and circumstantial evidence were improper; and that the trial court erred in limiting defense counsel's opening statement. We have considered each of these contentions, have carefully reviewed the record, and find no error.

3. Section 1862 provides, in relevant part:

   Robbery in the first degree

   A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another perpetrator of the crime:

   (1) Causes physical injury which is incapacitating in any way to any person who is not a perpetrator of the crime; or

   (2) Displays, uses or threatens the use of a dangerous weapon.

display of a "dangerous weapon" during the course of a robbery in violation of 14 V.I.C. § 1862(2). Unlike the venerable dog of lore, a handgun is not entitled to a first shot.

### The Assault Counts

Under Count II Soto is charged with assault in the first degree, in violation of 14 V.I.C. § 295(3) (1964),[4] as follows:

> On or about the 31st day of March, 1982, in the Virgin Islands of the United States, Judicial Division of St. Croix, LEONARDO SOTO, JR., did with the intent to commit robbery, assault ELFREDA ROBERTS with a handgun, in violation of Title 14 V.I.C., § 295(3).

Thus, Count II charged Soto with assaulting Elfreda Roberts with intent to commit robbery, while Count I had charged him with robbing her. On his Count II conviction, Soto was sentenced to serve five years in prison, the term to run concurrently with all other sentences imposed.

In *Government of the Virgin Islands v. Joseph*, 685 F.2d 857, 865–66 (3d Cir.1982), decided after the trial in this case, we held that the offense of assault under 14 V.I.C. § 295(3) merged with the offense of robbery "when all the elements of both offenses are committed against the same individual" since assault is the lesser included offense. Soto argues that *Joseph* requires vacating the Count II assault conviction as well as the sentence. In *Joseph* we stated that separate consecutive sentences are improperly imposed upon conviction of both offenses, 685 F.2d at 865–66, but since we ordered a new trial on other grounds we did not consider whether the conviction of the lesser offense must be vacated. However, in *Government of the Virgin Islands v. Reviere*, 670 F.2d 453, 455–56 & n. 3, 456 n. 5 (3d Cir.1982), we upheld the convictions for both first degree assault and first degree robbery, where there had been a single sentence imposed covering both.[5] In affirming the convictions and sentence under both sections 1862(2) and 295(3), we relied on the principles enunciated in *United States v. Corson*, 449 F.2d 544 (3d Cir.1971) (in banc), which dealt with the problem of sentencing following multiple convictions under the federal bank robbery statute, 18 U.S.C. § 2113. In *Corson*, we reasoned that because of the possibility of reversal of one or more counts the convictions on all counts must be retained and the court should "impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carries the greatest maximum sentence." 499 F.2d at 551.[6] We rejected a mechanical merger theory which would require vacation of a sentence imposed on a lesser included offense. However, because the trial judge had imposed a heavier sentence on the lesser offense, we remanded for imposition of the general sentence. Thus, in *Reviere*, where we applied *Corson* beyond bank robbery to the assault/robbery convictions, we found the sentences imposed were the equivalent of the general sentence contemplated by *Corson*, and affirmed.

Here, Soto received concurrent sentences of equal duration on these counts. In appropriate circumstances, we could affirm the sentence on the greater offense. *See United States v. Gaddis*, 424 U.S. 544, 549 n. 12, 96 S.Ct. 1023, 1027, n. 12, 47 L.Ed.2d 222

---

**4.** Section 295(3) provides, in relevant part:
Assault in the first degree
Whoever—
. . . .
(3) with intent to commit rape, sodomy, mayhem, robbery or larceny, assaults another—shall be imprisoned not more than 15 years.

**5.** In *Reviere*, defendant was convicted of, *inter alia*, four counts of first degree robbery and seven counts of first degree assault. The defendant was sentenced concurrently on two additional counts and was given one suspended sentence with five years probation on all the other counts to run consecutively.

**6.** Subsequently, in *United States v. Busic*, 639 F.2d 940, 953 & n. 14 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), we overruled *Corson* to the extent that the remand limited the district court to the maximum sentence originally imposed. *See United States v. DiFrancesco*, 449 U.S. 117, 138–39, 101 S.Ct. 426, 439, 66 L.Ed.2d 328 (1980), and discussion in *Busic* at 639 F.2d 949–50.

(1976). In *Corson* we opted for resentencing after concluding that was the most practical and fairest remedy. 449 F.2d at 546–52, in particular nn. 15 & 16; *see United States v. Gomberg,* 715 F.2d 843 at 851–852 (3d Cir.1983); *United States v. Gomez,* 593 F.2d 210, 215–19 (3d Cir.) (in banc), *cert. denied,* 441 U.S. 948, 99 S.Ct. 2152, 60 L.Ed.2d 1052 (1979). Since we must remand other counts for resentencing, we will affirm Soto's convictions on Counts I and II but vacate the concurrent sentences on Counts I and II and remand for imposition of a single general sentence covering both convictions. That sentence may not exceed 20 years in prison, the maximum permissible sentence on Count I, which carries the most severe penalty. *See Government of the Virgin Islands v. Reviere,* 670 F.2d at 455–56 n. 4; *United States v. Busic,* 639 F.2d 940, 953 & n. 14 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

In Counts III and IV Soto was charged with assault in the first degree in violation of 14 V.I.C. § 295(3) (1964), specifically with assault against Brann (Count III) and Browne (Count IV) with intent to commit robbery. He was sentenced on each count to serve five years in prison, the terms to run concurrently with each other and with the sentences imposed on all other convictions.

The government concedes that the convictions and sentences under Counts III and IV for violations of 14 V.I.C. § 295(3) were erroneous. Under that section, the individual assaulted must be the intended victim of the robbery. *See Government of the Virgin Islands v. Brown,* 685 F.2d 834, 841

(3d Cir.1982) (decided after trial in this case). There was no evidence that Soto, in assaulting Brann and Browne, intended to rob either of them.

The government urges that we remand these counts to the district court for entry of new judgments of conviction of the lesser offenses of assault in the third degree in violation of 14 V.I.C. § 297 (Supp.1982),[7] and for appropriate resentencing. The government points out that the trial judge instructed the jury that if it did not find Soto guilty of assault in the first degree, it could nevertheless find him guilty of the lesser included offense of assault in the third degree.[8] Tr. 358.

■ Where all the elements of a crime have not been proved beyond a reasonable doubt, a jury's guilty verdict as to that crime may not stand; however, if the evidence sufficiently supports all of the elements of a lesser included offense, the jury's decision may be given effect as to the lesser crime. *See Government of the Virgin Islands v. Brown,* 685 F.2d at 841–42. As we stated in *Government of the Virgin Islands v. Josiah,* 641 F.2d 1103, 1108 (3d Cir.1981),

> A jury's finding of guilt on all elements of the greater offense is necessarily a finding of guilt on all elements of the lesser offense, since a lesser-included offense consists of some of the elements of the greater offense and does not require the proof of any element not present in the greater offense. . . .

When the evidence is insufficient to support the greater offense, but suffi-

---

**7.** Section 297 provides:

Assault in the third degree

Whoever, under circumstances not amounting to an assault in the first or second degree—

(1) assaults another person with intent to commit a felony;

(2) assaults another with a deadly weapon;

(3) assaults another with premeditated design and by use of means calculated to inflict great bodily harm;

(4) assaults another and inflicts serious bodily injury upon the person assaulted; or whoever under any circumstances;

(5) assaults a peace officer in the lawful discharge of the duties of his office with a weapon of any kind, if it was known or declared to the defendant that the person assaulted was a peace officer discharging an official duty—

shall be fined not more than $500 or imprisoned not more than 5 years or both.

**8.** Although the trial court gave detailed instructions as to the elements of section 297(2) only, it read subsections (1) to (3) of section 297 verbatim to the jury. Tr. 358–59.

cient to support a conviction on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and resentencing under the lesser-included offense.

■ Unlike section 295(3), the section 297(1) crime of assault with intent to commit a felony does not require that the assault victim and intended felony victim be the same individual. *Brown,* 685 F.2d at 841. Thus, the jury's finding that Soto was guilty of first degree assault of Brann and Browne necessarily included a finding that Soto was guilty of the section 297(1) lesser included crime, which requires no element of identification, and which was fully supported by the evidence.[9] Therefore, we will vacate the convictions and sentences against Soto under Counts III and IV but remand the counts for entry of convictions on the lesser included offense of assault in the third degree under 14 V.I.C. § 297(1) and for appropriate resentencing. We note that the maximum sentence for violations of section 297 is five years imprisonment. On remand, the district court will, therefore, be free to impose sentences of the same duration as the sentences that were erroneously imposed for violations of section 295(3) or to reduce them to reflect the lesser gravity of crimes in violation of section 297.

### Possession of a Dangerous Weapon

■ Under Count V Soto was convicted of the offense of possession of a dangerous weapon, a handgun, during the commission of a "crime of violence," robbery, in violation of 14 V.I.C. § 2251(a)(2)(B) (Supp. 1982). For this offense he was sentenced to a two and one-half year prison term to be served without the possibility of probation or parole, in compliance with 14 V.I.C. § 2254 (Supp.1982), and concurrently with all other sentences. The same conduct comprised the Count I crime under which Soto was convicted of robbery with a dangerous weapon, a handgun, in violation of 14 V.I.C. § 1862(2), and sentenced to five years in prison.

The Supreme Court has recently held in *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), that multiple convictions and sentences, obtained after a single trial for crimes set forth in separate statutes but composed of the same elements, do not violate the Double Jeopardy Clause provided the statutes clearly authorize cumulative punishments. "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 678. In *Hunter,* legislative intent was not an issue, the Court accepting the determination of the Missouri Supreme Court that the Missouri legislature clearly intended the imposition of cumulative punishments under its first degree armed robbery and "armed criminal action" statutes. *Id.* at 676–77, 679. We must therefore inquire into the intent of the Virgin Islands legislature with respect to convictions and sentences under both sections 1862(2) (first degree robbery) and 2251(a)(2)(B) (possession of a dangerous weapon).

Section 2251(a)(2)(B) provides that:

(a) Whoever—

. . . .

(2) with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon shall—

. . . .

(B) if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section

---

9. Conceivably, the jury, in finding Soto guilty of armed robbery and first degree assault, may have also implicitly found him guilty of assault with a deadly weapon perpetrated against Brann and Browne under section 297(2), another section of assault in the third degree. However, this has not been raised by the government, and in view of our holding that Soto may be convicted under section 297(1), we do not reach section 297(2).

2253(d)(1) hereof) shall be fined not more than $2,000 or imprisoned not more than five (5) years, or both, *which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.* (emphasis added). The "crime of violence" referred to in this provision includes robbery.[10]

In *Government of the Virgin Islands v. Smith,* 14 V.I. 42, 51, 558 F.2d 691, 696 (3d Cir.), *cert. denied,* 434 U.S. 957, 98 S.Ct. 486, 54 L.Ed.2d 316 (1977), we considered whether cumulative punishments could be imposed for murder in the second degree and possession or use of a dangerous weapon in its commission in violation of 14 V.I.C. § 2251(a)(2)(B). We held that the legislature plainly intended to authorize multiple convictions and sentences under the dangerous weapon statute and the statute proscribing the underlying or predicate "crime of violence" perpetrated with the weapon, since the last clause of the weapons statute specifically states that punishment under it is "in addition to" the "crime of violence". That holding informs our conclusion here. We do not believe the *Smith* analysis is any less applicable because the section defining "crime of violence" refers to "[m]urder in any degree", but lists "robbery" without any indication of degree.

When robbery was divided into the present crimes of first, second and third degree robbery in 1977, the Virgin Islands statutes already listed "robbery" as a "crime of violence", obviously without reference to degrees. Section 2251(a)(2)(B), the possession of dangerous weapons statute, was also in its present form. Therefore, prior to 1977, clearly *all* robberies were "crimes of violence" for purposes of applying the weapons statute. Since the legislature did not strike "robbery" from the list

of "crimes of violence" following the enactment of the present robbery provisions in 1977, there is no basis to assume the legislature modified its prior determination that section 2251(a)(2)(B) applied to all robberies. Indeed, robbery was then, as it is now, defined in 14 V.I.C. § 1861, without reference to degrees. Furthermore, the crime of "burglary" is listed in section 451(e) as a "crime of violence" without reference to degrees although it was, in fact, in 1974, divided into three degrees for purposes of the offense. *See* 14 V.I.C. §§ 442, 443, and 444 (Supp.1982). Since the legislature chose to refer to these crimes briefly as "burglary" in section 451(e), it is reasonable to believe it similarly chose to include all degrees of robbery in the term "robbery." In order to give effect to the continued presence of "robbery" in the list of "crimes of violence", we conclude that section 2251(a)(2)(B) continues to authorize cumulative punishments when robbery, whatever the degree, is committed with a dangerous weapon.

The Virgin Islands weapons statute is distinguishable from the federal firearms provision construed in *Simpson v. United States,* 435 U.S. 6, 12–15, 98 S.Ct. 909, 913–914, 55 L.Ed.2d 70 (1978). In that case, the Court held the federal firearms statute, 18 U.S.C. § 924(c), which authorizes a penalty for the use of a firearm in the commission of a federal felony "in addition to the punishment provided for the commission of such felony," 18 U.S.C. § 924(c) (1976), could not be used in conjunction with a felony statute itself enhancing, for the use of a dangerous weapon, the punishment provided for the commission of the felony. The Court relied on the legislative history of the federal firearms statute which in-

---

10. Section 2253(d)(1), 14 V.I.C. § 2253(d)(1) (Supp.1982), specifically referred to in section 2251(a)(2)(B), provides:

(d) As used in this chapter—
(1) "Crime of violence" shall have the same definition as that contained in Title 23, section 451(e) of this Code.
Section 451(e) provides:
"Crime of violence" means any of the following crimes, or an attempt to commit any

of the same, namely: Murder in any degree, voluntary manslaughter, rape, arson, mayhem, kidnapping, assault in the first degree, assault with or by means of a deadly or dangerous weapon, assault to do great bodily harm, *robbery,* burglary, housebreaking, breaking and entering and larceny.
23 V.I.C. § 451(e) (1970). (emphasis added).

cluded the explicit statement of its sponsor on the House floor that it was not intended to apply to those statutes which already provide enhanced punishment for use of a dangerous weapon. The probative value of this statement was heightened because the provision was passed on the same day it was introduced, and was not the subject of hearings and committee reports. *See* 435 U.S. at 13, 98 S.Ct. at 913. *See also Busic v. United States,* 446 U.S. 398, 405, 406–07, 100 S.Ct. 1747, 1752–53, 64 L.Ed.2d 381 (1980).

In contrast, the Virgin Islands legislature explicitly authorized cumulative punishment. Furthermore, the legislature was clearly aware that certain of the "crimes of violence" to which section 2251(a)(2)(B) applies by express incorporation were themselves defined or categorized by use of a dangerous weapon. For example, "assault with or by means of a deadly or dangerous weapon," a violation of 14 V.I.C. § 297(2) (Supp.1982), which carries a higher penalty than "simple assault" under 14 V.I.C. § 299 (1964), is included as a "crime of violence". Further, it is significant that robbery in the first degree is not limited to robbery in which a dangerous weapon has been used. See *supra* note 3. Thus, simply because robbery in the first degree provides for a higher penalty than other degrees of robbery does not suggest the legislature did not intend to include such robbery as a "crime of violence" to which the possession of the dangerous weapons statute applies. Since our inquiry is limited to legislative intent, it would be arbitrary, in light of the statutory scheme, to conclude otherwise.

Soto also contends that since the government maintains that he used a gun during the robbery, he should have been charged under what he characterizes as the more specific statute, 14 V.I.C. § 2253 (Supp.1982), instead of 14 V.I.C. § 2251(a)(2)(B) under which he was charged. Section 2253 specifically refers to a firearm, and makes unlawful the possession of an unlicensed firearm generally and, in relevant part here, possession of such a firearm during the commission of a crime of violence.[11] On the other hand, section 2251(a)(2)(B) proscribes possession during the commission of a crime of violence of certain listed weapons "or any other dangerous or deadly weapon."

The handgun which Soto was charged with carrying was never recovered. Soto contends that although the government could not prove the unrecovered gun was a firearm under section 2253 "capable of discharging ammunition,"[12] nevertheless, the government did not have the option of prosecuting him under section 2251(a)(2)(B).

There is no reason to construe the existence of the Virgin Islands statute specifically prohibiting possession of unlicensed firearms as limiting the scope of the more general prohibition against unlawful possession of "any ... dangerous or deadly weapon" under section 2251(a)(2). *See Commonwealth v. Stanley,* 498 Pa. 326, 335–36, 446 A.2d 583, 587–88 (1982). Both section 2251(a)(2)(B) and section 2253(a) subject the offender to the same maximum and minimum penalty. *See* 14 V.I.C. § 2254 (Supp. 1982). Under these circumstances, there-

**11.** The relevant portion of section 2253 provides:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, as defined in Title 23, section 451(d) of this Code, loaded or unloaded, may be arrested without a warrant, and shall be fined not more than $1,000 or imprisoned not more than 2 years, or both, except that if such person shall have been convicted of a felony, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in subsection (d) hereof, then such person shall be fined not more than $2,000 or imprisoned not more than 5 years, or both. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

**12.** A firearm is defined as a "device ... capable of discharging ammunition by means of gas generated from an explosive composition...." 23 V.I.C. § 451(d) (1970).

fore, the prosecutor was free to choose between two overlapping criminal statutes. *See United States v. Batchelder,* 442 U.S. 114, 123–25, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979); *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1187–88 (4th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *United States v. Weatherspoon,* 581 F.2d 595, 599–600 (7th Cir.1978).

In addition, it is not clear that Section 2253 is a more specific statute under the circumstances here. While a handgun is a firearm and section 2253 specifically deals with firearms, the gravamen of that section appears to have been the possession of *unlicensed* firearms, since the statute proscribes possession of firearms "*unless* otherwise authorized by law." (emphasis added). *See Government of the Virgin Islands v. Dowling,* 633 F.2d 660, 670 (3d Cir.), *cert. denied,* 449 U.S. 960, 101 S.Ct. 374, 66 L.Ed.2d 228 (1980). It is not known if the handgun used here was unlicensed, and hence, illegally carried. Accordingly, we conclude that Soto was properly charged, convicted and sentenced under section 2251(a)(2)(B).

### Conclusion

To summarize our disposition of this appeal, we will affirm Soto's convictions on Counts I, II and V and the sentence on Count V, we vacate his convictions on Counts III and IV and the sentences on Counts I to IV and we remand Counts I to IV to the district court for imposition of a single appropriate sentence to cover the convictions under Counts I and II and for entry of judgments of conviction on Counts III and IV of lesser included offenses under 14 V.I.C. § 297 and appropriate sentencing on those convictions.