IN RE INTEREST OF CORY P.
STATE OF NEBRASKA, APPELLEE, V. CORY P., APPELLANT.
584 N.W. 2d 820

Filed July 21, 1998.    No. A-97-1127.

Thomas C. Riley, Douglas County Public Defender, and Robert M. Schartz for appellant.

James S. Jansen, Douglas County Attorney, and Karen S. Kassebaum for appellee.

HANNON, IRWIN, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Cory P. appeals the decision by the Douglas County Separate Juvenile Court adjudicating him as a child within the meaning of Neb. Rev. Stat. § 43-247(1) (Cum. Supp. 1996). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On May 12, 1997, a petition was filed alleging that Cory was a child within the meaning of § 43-247(1) because he had com-

mitted an act other than a traffic offense which would constitute a misdemeanor or an infraction under Nebraska law or would constitute a violation of a city or village ordinance. The petition specifically alleged (1) that Cory had carried a concealed weapon on or about his person, in violation of Neb. Rev. Stat. § 28-1202(1) (Reissue 1995); (2) that Cory was under the age of 18 and had possessed a pistol, revolver, or other form of short-barreled hand firearm, in violation of Neb. Rev. Stat. § 28-1204(1) (Reissue 1995); (3) that he received, retained, or disposed of stolen moveable property valued at more than $200 but less than $500, knowing or believing that it had been stolen, in violation of Neb. Rev. Stat. § 28-517 (Reissue 1995); and (4) that he operated a motor vehicle without due caution so as to endanger any person or property, in violation of Neb. Rev. Stat. § 60-6,212 (Reissue 1993). Cory's date of birth was alleged to be June 10, 1979.

On September 24, 1997, an adjudication hearing was held. Omaha police officer Robert S. Fickel testified that on January 2, 1997, he observed a large white 4-door car speeding and that the vehicle also ran a red traffic signal. He conducted a traffic stop of the vehicle at 16th and Izard Streets in Omaha, Douglas County, Nebraska. Officer Fickel approached the vehicle, which contained a driver and a front-seat passenger. Officer Fickel asked the driver for identification, vehicle registration, and insurance information. The driver produced a driver's license identifying him as Cory P. and his date of birth as June 10, 1979. Cory then obtained the vehicle registration from the glove box of the car.

Officer Fickel returned to his cruiser with the information which he had obtained from Cory and ran a data check which showed that Cory's license was current. Officer Fickel then wrote out a citation for running a red traffic signal. When Officer Fickel returned to Cory's vehicle, he observed Cory smoking a cigarette. Officer Fickel, aware that Cory was only 17 years of age, placed Cory under arrest for tobacco use by a minor.

Officer Fickel radioed for backup and then conducted a search of the vehicle pursuant to arrest. During the search, he discovered that the glove box was locked. Cory was asked if he

had a key, to which he responded negatively. During the search of the vehicle, the key to the glove box was found inside the steering wheel cover. When the glove box was unlocked, a German Makarov 9 by 18 handgun was found inside the glove box. It was later discovered that this handgun had been reported stolen in December 1993 and was valued at $450 to $500. The front-seat passenger was also placed under arrest at this time.

On September 29, 1997, the juvenile court entered an order finding that counts I and II of the State's petition were true beyond a reasonable doubt and that Cory was a child as described in § 43-247(1) and dismissing counts III and IV of the petition. Custody of Cory was placed with his parent. This timely appeal followed.

### ASSIGNMENT OF ERROR

Cory's sole assigned error on appeal is that the State failed to prove beyond a reasonable doubt that the item found was a firearm under Neb. Rev. Stat. § 28-1201(1) (Reissue 1995) because the record does not reflect that the alleged firearm was operational.

### STANDARD OF REVIEW

An appellate court reviews juvenile proceedings de novo on the record and is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994). However, where the evidence is in conflict, an appellate court considers and may give weight to the juvenile court's observation of the witnesses and acceptance of one version of the facts over another. *Id.*

### DISCUSSION

A juvenile court has concurrent original jurisdiction with the district court and county court as to any juvenile who is age 16 or 17 and who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of Nebraska, or violation of a city or village ordinance. § 43-247. When an adjudication is based upon § 43-247(1), the allegations must be proved beyond a reasonable doubt. Neb. Rev. Stat. § 43-279(2) (Reissue 1993).

■ In the instant case, the juvenile court's order of adjudication of Cory was based upon its findings that he had violated Nebraska statutes prohibiting carrying a concealed weapon and possession of a pistol, revolver, or other form of short-barreled hand firearm by a person under 18 years of age.

Section 28-1202(1) provides:

> Except as provided in subsection (2) of this section, any person who carries a weapon or weapons concealed on or about his or her person such as a revolver, pistol, bowie knife, dirk or knife with a dirk blade attachment, brass or iron knuckles, or any other deadly weapon commits the offense of carrying a concealed weapon.

Subsection (2) sets forth affirmative defenses, none of which are applicable in the instant case. Carrying a concealed weapon, first offense, is a Class I misdemeanor. § 28-1202(3).

■ Section 28-1204(1) provides: "Any person under the age of eighteen years who possesses a pistol, revolver, or any other form of short-barreled hand firearm commits the offense of unlawful possession of a revolver." Subsection (2) provides that in certain situations the provisions of § 28-1204(1) do not apply. None of the exceptions listed in subsection (2) are applicable in the case at bar. Unlawful possession of a revolver is a Class III misdemeanor. § 28-1204(3).

■ Cory contends that the State failed to prove beyond a reasonable doubt that the item found was a firearm because the record does not reflect that the alleged firearm was operational. A firearm is statutorily defined as "any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive or frame or receiver of any such weapon." § 28-1201(1). A similar claim was made by a defendant and addressed by the Nebraska Supreme Court in *State v. Lee*, 195 Neb. 348, 237 N.W.2d 880 (1976). Although an adjudication is not a criminal proceeding, we take guidance from the criminal laws of this state. *In re Interest of Shea B.*, 3 Neb. App. 750, 532 N.W.2d 52 (1995).

■ In *State v. Lee, supra*, the defendant was found guilty by a jury of the crime of unlawful possession of a firearm by a felon. The evidence adduced at trial established without serious dispute that the defendant did possess a 22-caliber revolver with a 4¾-inch barrel. On appeal, the defendant contended, among

other things, that the State failed to prove that the revolver was a " 'firearm,' " 195 Neb. at 349, 237 N.W.2d at 882, because it did not establish that the revolver was operable. The Nebraska Supreme Court rejected this argument, stating that

> evidence of possession of a revolver or gun of prohibited description, which is in apparently good condition and has the characteristics and appearance commonly understood to be those of the firearm it purports to be, is prima facie evidence sufficient to go to the jury in a prosecution [for unlawful possession of a firearm by a felon].

*Id.* at 350, 237 N.W.2d at 882. Accord *State v. Melton*, 239 Neb. 790, 478 N.W.2d 341 (1992) (evidence adduced that pistol had been fired four times previous night was sufficient to meet *Lee* standard and to support defendant's conviction of being felon in possession of firearm).

Although the instant case involves the offenses of carrying a concealed weapon and possession of a pistol, revolver, or other form of short-barreled hand firearm by a person under the age of 18, not that of being a felon in possession of a firearm, we believe the *Lee* rule is equally applicable to these offenses. Therefore, the sole question remaining is whether the State presented sufficient evidence that the gun in the instant case was of prohibited description, was in apparently good condition, and possessed the characteristics and appearance commonly understood to be those of the firearm it purported to be.

The evidence adduced by the State is that the weapon recovered from the glove box was a German Makarov 9 by 18 handgun. Likewise, the characteristics and appearance of the weapon recovered appear to be those of a handgun. Further, the gun was received into evidence and there was nothing in the record which even suggests that the gun was not operable or in other than good condition. Consequently, the handgun recovered was a "firearm." Thus, there was sufficient evidence in the record to support the juvenile court's determination, beyond a reasonable doubt, that Cory committed the offenses of carrying a concealed weapon and being a person under the age of 18 in possession of a pistol, revolver, or other form of short-barreled hand firearm, and the juvenile court did not err in asserting jurisdiction over Cory.

## CONCLUSION

When a person is charged with violation of Nebraska statutes prohibiting carrying a concealed weapon and/or being a person under the age of 18 in possession of a pistol, revolver, or other form of short-barreled hand firearm, the State need not prove that a revolver or gun is operable in order to establish that it is a "firearm." The test is whether

> evidence of possession of a revolver or gun of prohibited description, which is in apparently good condition and has the characteristics and appearance commonly understood to be those of the firearm it purports to be, is prima facie evidence sufficient to go to the jury in a prosecution [for unlawful possession of a firearm by a felon].

*State v. Lee*, 195 Neb. 348, 350, 237 N.W.2d 880, 882 (1976).

In the instant case, the State adduced sufficient evidence to support the juvenile court's determination that Cory had violated §§ 28-1202(1) and 28-1204(1) and thus, correctly adjudicated Cory as a minor child within the meaning of § 43-247(1). Thus, the order of adjudication is affirmed.

AFFIRMED.