## Commonwealth *v.* Lee, Appellant.

*Anne Johnson, Mike Hanford* and *Jonathan Miller,*
Assistant Defenders, and *Vincent J. Ziccardi,* Defender,
for appellant.

*James J. Wilson* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant
District Attorney, and *Arlen Specter,* District Attorney,
for Commonwealth, appellee.

OPINION BY CERCONE, J., March 27, 1973:

Defendant contends in this appeal that his conviction under the Uniform Firearms Act[1] was improper
since the Commonwealth did not prove that the gun
involved was operable or could be made operable by the
exercise of reasonable repairs. For support of this
contention defendant relies on this writer's dissenting
opinion in *Com. v. Layton,* 220 Pa. Superior Ct. 435
(1972) (HOFFMAN and SPAULDING, JJ., join), *allocatur granted.* Although defendant correctly sets forth
the argued-for rule of operability presented in the *Layton* dissent, that rule, even if controlling, would not be
applicable under the facts of this case. The *Layton* dissent would not require, as this defendant seems to con-

---

[1] Act of June 24, 1939, P. L. 872, Sec. 628, 18 P.S. Sec. 4628.

tend, that the Commonwealth establish operability as an essential element in the prosecution under the Act, nor would it place upon the Commonwealth the burden of proving operability or the state of repairability of a "firearm" based upon a defendant's mere allegation of inoperability. The Commonwealth complies with the language of the Act by presenting sufficient evidence of prohibited conduct with respect to a "firearm" which would constitute a prima facie violation of the Act. Therefore, any pistol or revolver meeting the stated dimensions and commonly understood as the article it purports itself to be is sufficient to sustain a prosecution under the Act. Any such pistol or revolver would continue to qualify as a "firearm" unless and until evidence is presented by either side establishing the inoperability of the gun involved. Only then, when the issue of inoperability is thus introduced into evidence, would we place upon the Commonwealth the additional requirement of proving that the gun could be made operable by the exercise of reasonable repairs. Unlike the *Layton* case,[2] no such issue of inoperability was ever raised and no evidence to establish inoperability was ever presented.

Accordingly, in consideration of this and all other assignments of error, judgment of sentence is affirmed.

------

[2] In *Layton*, the Commonwealth itself introduced a gun which it stipulated as not being operable.