Commonwealth *v.* Horshaw, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., October 28, 1975:

Appellant makes numerous contentions challenging his convictions for robbery and for a violation of the Uniform Firearms Act.

At approximately 8:30 p.m. on October 3, 1973, an automobile in which the appellant was a passenger entered Fritsch's Shell service station in Lower Merion Township, Montgomery County. The appellant got out of the car and asked William J. Albany, Jr., on duty at the time, if he wanted to buy some eight-track stereo tapes. Albany stated that he did not want any and the appellant left the service station. Later that evening, the appellant returned to the service station on foot. He asked Albany for some change, and Albany opened the cash register to get it. When Albany turned around he saw for the first time that the appellant had a gun. Appellant informed Albany that "this is a stick up" and he removed all the cash from the register. Albany saw the appellant clearly, and he recognized him from his earlier attempted sale of stereo tapes that evening. After the appellant fled, the police were called. Albany described the robber to them as tall with a medium build, braided hair, and light brown skin. Two days later Albany was shown fifty photographs from which he selected the appellant as the robber.

On October 5, 1973, a criminal complaint was executed charging the appellant with robbery, theft, burglary, and a violation of §6103 of the Uniform Firearms Act.[1] Appellant's arrest followed. On November 26, 1973, indictments against the appellant were approved by the Grand Jury. The indictments charged the appellant with the crimes stated in the complaint, except the violation of the Uniform Firearms Act charge which was changed to §6106.[2] On March 7, 1974, a jury found the appellant guilty of violating the Uniform Firearms Act and guilty of robbery. This appeal followed.

During the closing argument at trial, the District Attorney stated that the jury should infer that the ap-

---

1. Act of Dec. 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §6103.
2. Act of Dec. 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §6106.

pellant was in need of money from the fact that he attempted to sell the stereo tapes earlier that evening. Appellant contends that this statement was prejudicial and that a new trial is mandated. Generally, the prosecutor is to limit his statements to the facts in evidence and legitimate inferences therefrom. *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974); *Commonwealth v. Pfaff*, 233 Pa. Superior Ct. 153, 335 A.2d 751 (1975). It was a reasonable inference to draw from the fact of the attempted sale that the appellant was in need of money. Further, the lower court instructed the jury that it was their function to draw such inferences as the evidence properly suggested.

Appellant also contends that his photographic identification was impermissibly suggestive and, therefore, the in-court identification should have been suppressed. Specifically, appellant claims that only two of the fifty photographs shown Albany were of black men with light skin. The photographs in the instant case were preserved as part of the record. An independent examination of the photographs, however, shows that they were sufficiently varied so as to negate any substantial likelihood of irreparable misidentification. See *Simmons v. United States*, 390 U. S. 377 (1968).

Appellant raises several arguments in support of his contention that his conviction for violating §6106 of the Uniform Firearms Act was improper.

Because the complaint charged the appellant with a violation of §6103 and the indictment §6106 of the Uniform Firearms Act, the appellant alleges that he never received a preliminary hearing on the offense charged in the indictment. However, where a defendant goes to trial without raising any objection to a variance between the complaint and the indictment, such variance is not a valid ground upon which to base a reversal of judgment. *Commonwealth ex rel. Lockhart v. Myers*, 193 Pa. Superior Ct. 531, 165 A.2d 400 (1960); *Commonwealth*

*ex rel. Tyson v. Day,* 181 Pa. Superior Ct. 259, 124 A.2d 426 (1956).

Second, the appellant claims that the evidence did not indicate that the weapon involved was operable. The Commonwealth, however, need not show the weapon to have been operable until evidence of its inoperability has been introduced into evidence. *Commonwealth v. Layton,* 452 Pa. 495, 307 A.2d 843 (1973); *Commonwealth v. Lee,* 224 Pa. Superior Ct. 17, 302 A.2d 474 (1973). Because no evidence as to inoperability was introduced into evidence, the appellant's claim is without merit.

Section 6106 of the Uniform Firearms Act provides: "No person shall carry a firearm in any vehicle or concealed on or about his person. . . ." Appellant contends that the evidence was insufficient to show that he concealed the gun. At trial, Albany testified that the appellant pulled the gun out from his abdomen and that the first time he saw it was when it was by the appellant's side, coming up. "[T]he issue of concealment depends upon the particular circumstances present in each case, and is a question for the trier of fact." *Commonwealth v. Butler,* 189 Pa. Superior Ct. 399, 403, 150 A.2d 172 (1959). In the instant case, the lower court properly instructed the jury that in order to convict, it must find that the appellant carried a firearm concealed on his person. The evidence was sufficient to allow the jury to infer that the appellant concealed the gun.

Judgment of sentence is affirmed.