520 A.2d 424

COMMONWEALTH of Pennsylvania, Appellant,

v.

Herbert FITZHUGH a/k/a George Butler, Appellee.

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Jan. 6, 1987.

Karen L. Grigsby, Assistant District Attorney, Philadelphia, for Com., appellant.

Michael J. Kelly, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WICKERSHAM and KELLY, JJ.

KELLY, Judge:

This case involves appeals by the Commonwealth from orders of the trial court granting the appellee, Herbert Fitzhugh, an arrest of judgment upon his conviction after a jury trial of a firearms offense 18 Pa.C.S.A. § 6108, and denying a motion to modify the sentence in accordance with the applicable provisions of the Mandatory Minimum Sentencing Act 42 Pa.C.S.A. § 9712. The trial court found that the evidence was insufficient to establish that the appellee possessed an "operable" firearm within the meaning of the Uniform Firearms Act, 18 Pa.C.S.A. §§ 6101 *et seq.* or the Mandatory Minimum Sentencing Act 42 Pa.C.S.A. § 9712.

The appellee contends that the order vacating judgment was the functional equivalent of a verdict of aquittal and that the Commonwealth's appeals are barred by the double jeopardy provisions of the Pennsylvania and United States Constitution because reversal would lead to further fact-findings proceedings. The appellee also argues that the trial court correctly determined that the evidence was insufficient to sustain the verdict or to require application of the mandatory minimum sentence provisions of 42 Pa.C.S.A. § 9712.

The Commonwealth contends that the appeals are properly before this Court, and that the trial court abused its discretion in granting an arrest of judgment and in failing to impose the mandatory minimum sentence. The Commonwealth argues that no double jeopardy rights are implicated by the appeals because the appropriate remedy, should the Commonwealth prevail, is reversal of the orders, reinstatement of the verdict, and a directive to the trial court to resentence the appellee in accordance with the provisions of 42 Pa.C.S.A. § 9712. The Commonwealth notes that these remedies do not involve additional proceedings which involve determinations of fact as to the appellee's guilt or any of the elements of the crimes of which he was convicted. Finally, the Commonwealth argues that the evidence was sufficient to sustain the verdict and application of the mandatory minimum sentence provision.

Upon review of the record, the briefs of the parties, the opinion of the trial court, and relevant legal authority, we find that the trial court properly granted an arrest of judgment upon the appellee's firearm offense conviction. However, we find that the trial court abused its discretion in failing to apply the mandatory minimum sentence. The order granting an arrest of judgment on the firearms offense conviction is affirmed. Judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion.

The salient facts may be summarized as follows. On the evening of November 18, 1983, the victim, Oliver Green,

was walking home from work. Near the end of a footpath crossing the vacant lot between the intersections of Eleventh Street and Girard Avenue and Twelfth Street and Girard Avenue in Philadelphia, Mr. Green was accosted by the appellee, who knocked off Mr. Green's non-prescription glasses and placed a gun against Mr. Green's neck. The appellee demanded money. When Mr. Green replied that he had none, the appellee moved to a position two to three feet in front of Mr. Green with the gun pointed at Mr. Green's chest. The light from a street lamp was shining directly on the appellee's face.

The appellee then searched Mr. Green's pockets for valuables and took from Mr. Green the pair of non-prescription glasses, a multi-function watch, and two gold chains. At one point during the armed robbery, Mr. Green, a twenty-year old golden gloves boxer, made a gesture toward the appellee as if preparing to throw a punch. The appellee taunted the victim by inviting him to try to hit him, and by informing his victim that it would be "an easy thing" to shoot Mr. Green and that he had "busted people before." Mr. Green then decided not to offer further resistance.

Sometime during this process, the stem on Mr. Green's glasses broke. The appellee returned the apparently valueless glasses. Mr. Green walked away, but the appellee called him back and, inexplicably, returned his watch. The appellee, still in possession of the gold chains, ran west on Girard Avenue and made his escape. Mr. Green promptly reported the crime, but the appellee was not apprehended.

Four months later, on March 20, 1984, the appellee walked past Mr. Green at a basketball court near the scene of the crime. Mr. Green recognized the appellee, followed him, eventually called the police, and identified the appellee when he was apprehended by police a short time later. The appellee was arrested and charged with two counts of Possessing an Instrument of Crime, Simple Assault, Terroristic Threats, two counts of Theft, Robbery, and Carrying a

Firearm on a Public Street or Property.[1] On April 5, 1984, the Commonwealth filed notice of its intention to proceed at sentencing under the Mandatory Minimum Sentencing Act. The appellee was tried by a jury on January 8 and 9, 1985 and was found guilty of Possession of an Instrument of Crime, Theft by Unlawful Taking, Robbery, and Carrying a Firearm on a Public Street or Property. The Commonwealth did not proceed on counts of Simple Assault and Terroristic Threats.

On January 18, 1985, the appellee filed a post-trial motion requesting post-verdict relief stating:

1. The evidence, as presented, was insufficient to prove the petitioner guilty beyond a reasonable doubt. More specifically, the evidence failed to establish that the petitioner was the individual that robbed the complainant.

(Post-Verdict Motions at 1). Although counsel requested the right to file additional reasons in support of the post-verdict motion after review of the notes of testimony, no additional motions were filed. On May 30, 1985, post-trial motions were argued. Appellee's motion for arrest of judgment was denied. However, the court, *sua sponte*, entered an arrest of judgment upon the firearms violation over the Commonwealth's objections on both procedural and substantive grounds.

The same day, the trial court sentenced the appellee to an aggregate term of imprisonment of one and one half (1½) years to three (3) years for robbery and possession of an instrument of crime.[2] The trial court refused to impose a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712. On June 4, 1985, the Commonwealth filed motions to vacate the arrest of judgment and to modify the sentence. These motions were denied without a hearing on June 4, 1985. Timely notices of appeal were filed. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on

1. 18 Pa.C.S.A. §§ 907(a) and (b), 2701, 2706, 3921 and 3925, 3701(a)(1)(ii), and 6108 respectively.

2. Appellee was also sentenced to a consecutive term of imprisonment of one (1) year to two (2) years on an unrelated robbery charge to which he entered a plea of guilty during the March 30, 1985 hearing.

February 20, 1986. The appeals were consolidated, and are now properly before this Court for disposition.

## I.

Before proceeding to the merits of the appeals, we must dispose of the appellee's contention that the instant appeals are barred by the double jeopardy clauses in the Pennsylvania and United States Constitutions. The appellee argues that despite the label of "arrest of judgment" the court's *sua sponte* order was in reality a verdict of acquittal, made final by principles of double jeopardy. Alternatively, the appellee argues that the appeals violate double jeopardy protections because a decision in the Commonwealth's favor would necessitate further fact-finding proceedings. Appellee cites *Smalis v. Pennsylvania*, 476 U.S. ——, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), in support of his contentions. However, upon review of the relevant legal authority, we cannot agree. Clear precedent establishes that neither appeal is barred.

In *Smalis,* the United States Supreme Court held "that the trial judge's granting of petitioners' demurrer at the close of the prosecution's case was an acquittal under the double jeopardy clause, and that the Commonwealth's appeal was barred because reversal would have led to further trial proceedings." 476 U.S. at ——, 106 S.Ct. at 1749, 90 L.Ed.2d at 122. The Court stated that "whether the trial is to a jury or to the bench, subjecting the defendant to post-acquittal fact-finding proceedings *going to guilt or innocence* violates the Double Jeopardy Clause." *Id., citing Arizona v. Rumsey,* 467 U.S. 203, 211–212, 104 S.Ct. 2305, 2310–2311, 81 L.Ed.2d 164 (1984). (Emphasis added).

In *Rumsey,* the Supreme Court held that because the death penalty phase of a capital murder trial involved fact-finding proceedings equivalent to a separate trial on the issue of whether the death penalty was to be imposed, a second sentencing proceeding following a successful appeal by the state from a decision to impose a life sentence was barred. The previous life sentence imposed by the sentenc-

ing court as fact-finder was essentially an acquittal of the death penalty specifications. Significantly, the Supreme Court distinguished its previous decision in *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). In *Wilson*, the Supreme Court held that the prosecution could appeal from a judgment of acquittal entered by the trial judge after the jury had returned a verdict of guilty. In *Rumsey*, the Supreme Court stated:

No double jeopardy problem was presented in *Wilson* because the appellate court, upon reviewing asserted legal errors of the trial judge, could simply order the jury's guilty verdict reinstated; no new factfinding would be necessary, and the defendant therefore would not be twice placed in jeopardy.

467 U.S. at 211, 104 S.Ct. at 2311, 81 L.Ed.2d at 172. Despite the difference in labels, this is precisely the situation presented in the instant appeal from the order granting an arrest of judgment.

The result in *Wilson* can be contrasted with the opposite result reached in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In *Burks*, the United States Supreme Court held that when the original verdict was overturned because the evidence was not sufficient to sustain the verdict, a remand for determination of whether to grant a new trial or to enter a judgment of acquittal violated the double jeopardy clause. 437 U.S. at 17–18, 98 S.Ct. at 2150–2151. The Supreme Court noted that the United States had not cross-appealed on the question of whether the reviewing court was correct in holding that the evidence was not sufficient to sustain the verdict. This waiver of appeal distinguishes *Burks* from the instant case.

In *Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984), the Supreme Court that:

In *Burks, supra,* we recognized that *an unreversed* determination by a reviewing court that the evidence was legally insufficient likewise served to terminate the initial jeopardy.

466 U.S. at 308–309, 104 S.Ct. at 1813–1814. (Emphasis added). The Supreme Court explained that when acquittal is entered by the original finder of fact, the initial jeopardy terminates; but when a verdict of guilt is delivered, the original jeopardy continues throughout the appellate process. *Id.*

█ Following the reasoning in *Wilson, supra,* and *Lydon, supra,* we find that an arrest of judgment entered following a jury verdict of guilt does not become the functional equivalent of a verdict of acquittal until a final appellate decision upon the legal sufficiency of the evidence is made in the defendant's favor. A decision by an intermediate appellate court, including a trial judge entertaining post-verdict motions, does not terminate the initial jeopardy. *Lydon, supra; Burks, supra.* Thus, the Commonwealth may properly appeal the order granting an arrest of judgment. *Wilson, supra.*

█ Likewise, we find that the Commonwealth may properly pursue an appeal from the judgment of sentence. *See* Pa.R.Crim.P. 1410; 42 Pa.C.S.A. § 9712(d). No sentence is final until the right of appellate review has been exhausted or waived. *Commonwealth v. Anderson,* 304 Pa.Super. 476, 482, 450 A.2d 1011, 1014 (1982). Thus, double jeopardy principles do not prevent the Commonwealth from pursuing a correction, modification, or increase in the originally imposed sentence.[3] *See Commonwealth v. Rainey,* 338 Pa. Super. 560, 562–63, 488 A.2d 34, 35 (1985); *see also United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980); *Commonwealth v. Gonzales,* 350 Pa.Super. 373, 504 A.2d 886 (1986).

Appellant's hopeful expectation that the United States Supreme Court would declare 42 Pa.C.S.A. § 9712 unconstitutional was not fulfilled. (Appellant's Brief at 23). The

**3.** The decision in *Rumsey* represents a very narrow exception to this rule. The Supreme Court has reasoned that aggravating circumstance specifications are elements of the crime of capital murder and that death penalty phase sentencing hearings are the functional equivalent of a second trial on the issue of whether to apply the death penalty. In this unique context double jeopardy principles apply.

Pennsylvania Supreme Court's decision, upholding the validity of the statute and remanding for resentencing four cases in which the sentencing court failed to apply the mandatory minimum sentence, was affirmed by the United States Supreme Court. *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *aff'd sub. nom. McMillan v. Pennsylvania*, 477 U.S. ——, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

In *McMillan*, the Court held that Pennsylvania may properly treat visible possession of a firearm under 42 Pa.C.S.A. § 9712 as a sentencing factor rather than an element of an offense which must be proven beyond a reasonable doubt. 477 U.S. at ——, 106 S.Ct. at 2419, 91 L.Ed.2d at 79. Thus, a decision in the Commonwealth's favor herein would not result in a remand for resolution of factual issues going to the elements of the offense charged; and therefore, *Smalis, supra,* does not control.[4] Having found no double jeopardy violations, we now turn to the merits of the appeals.

## II.

The Commonwealth first contends that the trial court erred in granting, *sua sponte,* an arrest of judgment on appellee's conviction of a firearms violation. The Commonwealth argues that the trial court abused its discretion in considering the issue *sua sponte,* and committed an error of law in granting the arrest of judgment.

## A.

Appellee filed a specific written post-verdict motion challenging the sufficiency of the identification evidence. A hearing on the motion was conducted on May 30, 1985, immediately prior to sentencing. Appellee's motion was denied; however, the trial court went on to state, "I do,

---

**4.** We distinguish *Rumsey* based upon the fundamental differences between the sentencing hearing authorized in 42 Pa.C.S.A. § 9712 and the trial-like death penalty hearing authorized by Ariz.Rev.Stat.Ann. § 13–703. *See also Poland v. Arizona,* 476 U.S. ——, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986).

however, have some concerns whether or not the jury's verdict of guilty for violation of the Uniform Firearm's Act is supported by the evidence." (N.T. 5/30/85 at 3). Both appellee's counsel and the assistant district attorney indicated that they were under the impression that the firearms charge had been *nol prossed.* The trial judge then read to counsel the transcript of the verdict, which clearly indicated that the firearms charge had been submitted to the jury and that a guilty verdict was returned on that charge. (*See* N.T. 5/30/85 at 4–5, *citing* N.T. 1/9/85 at 74–75). The assistant district attorney, after reviewing his file, explained that the confusion was the result of the fact that two firearms charges were originally filed and that only one charge had been *nol prossed.* (N.T. 5/30/85 at 5).

An extended discussion of the sufficiency of the evidence to sustain the firearms conviction followed. (N.T. 5/30/85 at 5–11). Significantly, the assistant district attorney had argued the same issue before the same trial judge in a prior case and was able to present full argument to the court, including citation of relevant case law in support of his argument that the evidence was sufficient to sustain the firearms conviction and that operability of the firearm could be inferred. (N.T. 5/30/85 at 6, 10). At the close of the discussion, appellee's motion for arrest of judgment on the firearm's charge was formally stated on the record. (N.T. 5/30/85 at 11). The assistant district attorney then noted that in addition to its substantive objections to this motion, the Commonwealth also objected on the grounds that this specific complaint was not included in the defendant's written post-verdict motions. (N.T. 5/30/85 at 11). The motion for arrest of judgment on the firearms conviction was granted, based upon the trial court's finding that neither barrel length nor operability had been established. Trial Court Opinion at 4–6.

Ordinarily, "a post-verdict court's erroneous consideration of *orally* presented allegations of error will not suffice to preserve the allegation for appellate review." *Commonwealth v. Philpot,* 491 Pa. 598, 600, 421 A.2d 1046, 1047

(1980) (citing cases). Notwithstanding this general rule, we find that appellee's oral post-verdict motion was properly considered by the trial court and is properly before this Court on appeal.

■ Until the time of the hearing on appellee's properly filed post-verdict motion, counsel for appellee erroneously believed the firearms charge had been *nol prossed*. Upon discovering that his client stood convicted on the firearms charge, counsel for appellee immediately attempted to pursue and preserve the issue of the sufficiency of the evidence to sustain the firearms charge. Consequently, we find that the failure to comply with Pa.R.Crim.P. 1123(a) was the result of ineffective assistance of counsel; [5] and we find, based upon the unambiguous record, that the trial court properly considered the issue which ineffective counsel failed to properly preserve. *See Commonwealth v. Upshur*, 488 Pa. 27, 31, 410 A.2d 810, 812 (1980).[6]

### B.

■ The trial court found that the evidence was insufficient to sustain the firearms offense conviction because no evidence was presented regarding the barrel length, or operability of the firearm. Under 18 Pa.C.S.A. § 6102, "firearm" is defined as:

**5.** We note that in finding that failure to comply with ·Pa.R.Crim.P. 1123(a) was the result of ineffective assistance of counsel, we affirm a finding which is implicit in the trial court's consideration of the oral motion made during the hearing on the written post-verdict motion.

**6.** If the Commonwealth had raised an allegation of *prejudice* due to lack of prior notice of the firearms issue, or if the record had been ambiguous as to what issues had been raised, we would be compelled to remand for the filing and arguing of a written post-verdict motion *nunc pro tunc*. *See Commonwealth v. Upshur*, 488 Pa. at 34–37, 410 A.2d at 813–14 (Larsen, J. dissenting); *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978). Indeed, the better procedure would have been for the trial court to have continued the hearing and permitted appellee to file a written motion in compliance with Pa.R. Crim.P. 1123(a). *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977). Because there is no allegation of prejudice, and because the record is more than adequate to provide meaningful appellate review, we address the issue without remand.

> Any pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches.

Barrel length is an essential element of the offenses defined in the Pennsylvania Uniform Firearms Act. *See Commonwealth v. Todd,* 477 Pa. 529, 533, 384 A.2d 1215, 1217 (1978).

Upon careful review of the transcripts we can find no evidence, testimonial or otherwise, which would tend to establish the length of the barrel of the handgun used by the appellant. Lamentably, the prosecution's inadvertant oversight in this regard compels this Court to affirm the order granting an arrest of judgment of the firearms offense conviction. *See Commonwealth v. West,* 334 Pa.Super. 287, 482 A.2d 1339 (1984); *Commonwealth v. Rapp,* 253 Pa.Super. 31, 384 A.2d 961 (1978).

## III.

The Commonwealth's second contention is that even if the arrest of judgment was properly granted with respect to the firearms conviction, the trial court erred in failing to sentence the appellant to the mandatory minimum sentence required by 42 Pa.C.S.A. § 9712. We agree, and accordingly vacate the sentence and remand for resentencing in accordance with the Act.

Initially, we note that the trial court is without authority to impose upon the offender a sentence below the mandatory minimum when the Commonwealth establishes by a preponderance of the evidence that the offender visibly possessed a firearm during the commission of an enumerated offense. 42 Pa.C.S.A. § 9712(c).

The trial court provided four reasons for refusing to apply the mandatory minimum sentence: 1) no post trial evidence was presented and the Commonwealth failed to preserve the trial evidence by requesting that it be incorporated into the sentencing hearing record; 2) requiring the defendant to present evidence on the issue of operability or barrel length would violate the privilege against self-incrimination; 3) the Commonwealth failed to establish barrel

length; and 4) the Commonwealth failed to establish operability. We shall consider each of these alleged defects *seriatim.*

■ First, the Commonwealth is not required to preserve trial testimony nor move its incorporation into the record of the sentencing hearing. The plain wording of the Mandatory Minimum Sentencing Act provides:

> The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence. . . .

42 Pa.C.S.A. § 9712(b). Once the Commonwealth has given reasonable notice of its intent to proceed under the statute, it is the mandatory responsibility of the court to review the relevant trial evidence and to permit the presentation of additional evidence. The Commonwealth may in its discretion choose to rest upon the evidence presented at trial. In the instant case, proper notice of intent to proceed under the statute was given. Therefore, it was an abuse of discretion and reversible error for the court not to consider the evidence presented at trial.

■ Next we must consider the trial court's statement that:

> To require the Defendant to introduce evidence relating to the issues inherent in the applicability of the Mandatory Minimum Sentencing Act (such as the barrel length of the gun or its operability) at trial, would be contrary to his Fifth Amendment privilege against self-incrimination and his right not to take the stand at all in addition to the constitutional requirement that the Commonwealth prove beyond a reasonable doubt all of the elements of an offense.

Trial Court Opinion at 7. We cannot agree.

With regard to the alleged Fifth Amendment violation, it is sufficient to note that the defendant may elect to address the issue of whether the mandatory sentence applies after his conviction at the sentencing hearing. *See* 42 Pa.C.S.A.

§ 9712(b), *supra.* Consequently, his right to remain silent at trial is not jeopardized. Thus, the Mandatory Minimum Sentencing Act procedures do not violate the appellee's rights, they augment them.[7]

■ Next, we must address the trial court's statement that barrel length is an issue which is "inherent to the applicability" of the Mandatory Sentencing Act. The trial court is in error. Barrel length is not an issue to be considered in determining whether the offender visibly possessed a firearm in the context of 42 Pa.C.S.A. § 9712. Unlike the definition of "firearm" applicable to 18 Pa.C.S.A. § 6108, the definition of "firearm" contained in 42 Pa.C.S.A. § 9712 does not contain specific barrel lengths as a requirement to constitute a covered firearm. *Compare* 18 Pa.C. S.A. § 6102 *and* 42 Pa.C.S.A. § 9712(c). Hence, *Todd, supra, West, supra* and *Rapp, supra,* do not apply and barrel length is irrelevant.

■ Finally, we address the trial court's statement that operability is an issue "inherent to the applicability" of the Mandatory Minimum Sentencing Act, and the trial court's conclusion that operability was not established by a preponderance of the evidence. The trial court reasoned that because the handgun was not fired during the course of the robbery and because it was not produced at trial, the mandatory minimum sentence may not be applied because

---

**7.** A defendant who exercises his right to remain silent voluntarily relinquishes the right to present evidence on his own behalf, and it is for the defendant to balance the risks and benefits in making this decision. *See McGautha v. California,* 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971); *Commonwealth v. McFadden,* 464 Pa. 265, 346 A.2d 550 (1975). Therefore, the defendant's election to exercise the right against self-incrimination cannot be used to place upon the Commonwealth the burden of disproving a post-verdict claim of inoperability which was not raised at trial. *See Commonwealth v. Horshaw,* 237 Pa.Super. 76, 346 A.2d 340 (1975) (*infra*).

Additionally we note that if the appellee desired to raise the issue of operability at trial he was free to do so by cross-examination of Commonwealth witnesses, presenting evidence through defense witnesses, or by taking the stand and offering testimony himself. Invocation of the privilege removed only one of these options.

the Commonwealth has not established that the gun was operable. Again the trial court is in error.

In *Commonwealth v. Horshaw*, 237 Pa.Super. 76, 346 A.2d 340 (1975), this Court stated:

... the appellant claims that the evidence did not indicate that the weapon involved was operable. The Commonwealth, however, need not show the weapon to have been operable until evidence of its inoperability has been introduced into evidence.

237 Pa.Superior Ct. at ——, 346 A.2d at 342. In *Commonwealth v. Lee*, 224 Pa.Super. 17, 302 A.2d 474 (1973), an *en banc* panel of this Court held that any evidence establishing that the defendant used an object which proports itself to be a firearm is sufficient to establish the use of a firearm "unless and until evidence is presented by either side establishing the inoperability of the gun involved." 224 Pa.Superior Ct. at 19, 302 A.2d at 475.

Although *Horshaw* and *Lee* involved firearms offenses, we see no reason to adopt a different rule for cases involving application of the mandatory minimum sentence required by 42 Pa.C.S.A. § 9712. In the instant case, no evidence tending to establish inoperability was presented at trial or during the sentence hearing. Consequently, the Commonwealth was under no obligation to establish operability. *Horshaw, supra; Lee, supra.*

Moreover, this Court has consistently held that:

... a reasonable fact finder may ... infer operability ... from an object which looks like, feels like, sounds like, or is like a firearm ... without direct proof of operability.

*Commonwealth v. Berta*, 356 Pa.Super. 403, 409, 514 A.2d 921, 924 (1986); *Commonwealth v. Jennings*, 285 Pa.Super. 295, 304, 427 A.2d 231, 235 (1981), *citing Commonwealth v. Layton*, 452 Pa. 495, 498, 307 A.2d 843, 844 (1973).

In the instant case, the victim testified that a gun was placed against his neck and he could feel that it was made of steel or some other metal. The victim testified unequivocally that the appellee stood two and one-half to three feet in front of him with a gun pointed at his chest. Although

the victim did not stare at the gun, he expressed no doubt as to whether it was in fact a gun. Additionally, the victim testified that the appellee threatened to shoot him with the gun. Cross-examination did not expose contradiction or doubt and the appellee presented no evidence in rebuttal. Hence, operability was not at issue.

■ Furthermore, upon review of the record available to the trial court at sentencing, we find that more than sufficient evidence was present to meet the burden of establishing visible possession of a firearm by a preponderance of the evidence. Indeed, the jury returned a verdict of guilty on the Possessing an Instrument of Crime charge after being instructed that in order to convict they must determine, among other things, that the appellee possessed "a handgun" beyond a reasonable doubt. Consequently, we find that the trial court abused its discretion and committed errors of law in failing to impose the mandatory sentence.

Based on the foregoing reasons, the order granting an arrest of judgment upon the firearms offense conviction is Affirmed; however, judgment of sentence is Vacated and the case is Remanded for Resentencing in accordance with the provisions of the Mandatory Minimum Sentencing Act.