J-A20011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.M.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.M.W. | : | No. 913 EDA 2014 |

Appeal from the Dispositional Order March 12, 2014,
Court of Common Pleas, Philadelphia County,
Juvenile Division at No. CP-51-JV-0001624-2013

BEFORE:  DONOHUE, SHOGAN and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:            **FILED AUGUST 17, 2015**

D.M.W., a minor, appeals from the March 12, 2014 dispositional order entered by the Court of Common Pleas, Philadelphia County, following D.M.W.'s adjudication of delinquency entered on March 12, 2014.  For the reasons set forth herein, we affirm.

The trial court provided a brief summary of the factual and procedural history as follows:

> The only testimony in this matter was given by Miss Glennist Williams [("Miss Williams")], a hall monitor at the Brian Elementary School.  Miss Williams testified without an apparent motive and this [c]ourt found her to be a credible witness.  According to Miss Williams, on April 26, 2013 she was standing next to a teacher while the students were changing classes.  As a student later identified as Maurice Green was going into a classroom, a BB gun fell from his schoolbag[.] (N.T. 3/12/14, p.3).  He picked up the gun and ran away first attempting to enter a locked bathroom and subsequently ran down the steps. (N.T. 3/12/14, p.4).  Miss Williams testified that kids were running around the school.  In response the school police put the school on lockdown and began

searching students' book bags. (N.T. 3/12/14, p.4, 6). Eventually [D.M.W.] approached an Officer Gilmore and stated "I kind of sort of know where the gun is at." (N.T. 3/12/14, pp.4, 6). With that [D.M.W.] opened her book bag and a gun was found in her possession. (N.T. 3/12/14, p.5). As [D.M.W.] was being escorted to the principal's office, she stated that she found the BB gun in Cobbs Creek Parkway and gave it to Maurice Green. (N.T. 3/12/14, p.5).

Trial Court Opinion, 10/9/14, at 1-2.

D.M.W. was arrested and charged with possession of a weapon on school property, 18 Pa.C.S.A. § 912(a), and conspiracy, 18 Pa.C.S.A. § 903(c). At an adjudicatory hearing on March 12, 2014, the trial court found D.M.W. guilty of possessing a weapon on school property and adjudicated her dependent.

On March 21, 2014, D.M.W. filed a timely notice of appeal. On appeal, D.M.W. raises the following two issues for our review:

> 1. Where the only evidence is that a minor possessed a BB gun briefly to turn it over to school police, is not the evidence insufficient as a matter of law to sustain an adjudication for possession of a weapon on school property pursuant to 18 Pa.C.S.[A.] § 912?
>
> 2. Was not the evidence insufficient as a matter of law to sustain [D.M.W.]'s adjudication for possession of a weapon on school property pursuant to 18 Pa.C.S.[A.] § 912 where there was no evidence presented that the item possessed met § 912(a)'s definition of a weapon, *i.e.* being capable of inflicting serious bodily injury?

D.M.W.'s Brief at 3.

Our standard of review to a challenge to the sufficiency of the evidence supporting an adjudication of delinquency is well settled:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348 (Pa. Super. 2013) (quoting *In re A.V.*, 48 A.3d 1251, 1252-53 (Pa. Super. 2012)).

To sustain an adjudication of delinquency for possession of a weapon on school property, the Commonwealth must establish that the juvenile "possesse[d] a weapon in the buildings of, on the grounds of, or in any

conveyance providing transportation to or from any elementary or secondary publicly-funded educational institution….” 18 Pa.C.S.A. § 912(b).

For her first issue on appeal, D.M.W. asserts that there was insufficient evidence to establish that she possessed the BB gun because “the Commonwealth failed to prove [she] had any criminal intent while the BB gun was briefly in her possession.” D.M.W.’s Brief at 10-11. D.M.W. claims that she only had temporary or transitory possession of the BB gun with the sole intention of voluntarily turning the gun over to school police. *Id*.

D.M.W. further argues that section 912(b) is not a strict liability statute and that to hold otherwise would produce unjust results in situations such as this one, where a citizen voluntarily relinquishes a weapon to police. *Id*. at 12. In support of her contention, D.M.W. relies upon this Court’s holding in ***Commonwealth v. Heidler***, 741 A.2d 213 (Pa. Super. 1999), wherein this Court determined that the appellant in that instance did not “have the necessary power to control or intent to control [a] gun” because he handed the gun to his girlfriend prior to entering the school. *Id.* at 216. The ***Heidler*** Court found that the appellant intended to relinquish control of the gun when he handed the gun to his girlfriend, and therefore, the Commonwealth failed to establish the elements of the crime of possession of a weapon on school property. *Id.* at 216. D.M.W. asserts that her intent to relinquish control of the gun is even clearer than it was in ***Heidler***. D.M.W.’s Brief at 14.

D.M.W.'s contention fails, however, as the appellant in **Heidler** was found guilty of joint constructive possession, which requires evidence "that the defendant had *both* the power to control the firearm and the intent to exercise such control." **Heidler**, 741 A.2d at 216 (emphasis in original). In this case, D.M.W. was found in actual possession of the weapon, and therefore, proof of intent to control is not at issue. Moreover, the trial court in this case determined that D.M.W.'s assertion that she possessed the gun with the sole intention of turning it in to police lacked credibility. Trial Court Opinion, 10/9/14, at 3. Instead, the trial court found that "[D.M.W.'s] actions were obviously done with the knowledge and fear that she would eventually be found to be in possession of the weapon." **Id.**

It is well settled that "factual findings and credibility determinations in juvenile proceedings are within the exclusive province of the hearing judge[.]" **See In re B.T.**, 82 A.3d 431, 434 (Pa. Super. 2013). After reviewing the record, we conclude that the evidence supports the trial court's determination as Miss Williams' testimony established that D.M.W. did not immediately go to the school police officer, but rather, appeared with the gun as school police began searching backpacks of students and discussed locking the school down. N.T., 3/12/14, at 6. As the record supports the trial court's determination, we are unable to find that the trial court abused its discretion. Accordingly, we conclude that D.M.W.'s assertion that the Commonwealth failed to establish the possession element

of section 912(a) is without merit. D.M.W. is not entitled to relief on this issue.[1]

For her second issue on appeal, D.M.W. asserts that there was no evidence that the BB gun at issue here met the definition of a 'weapon' in 18 Pa.C.S.A. § 912(a).

> **(a) Definition** – Notwithstanding the definition of a "weapon" in section 907 (relating to possessing instruments of crime), "weapon" for purposes of this section shall include but not be limited to any knife, cutting instrument, cutting tool, nun-chuck stick, firearm, shotgun or rifle and any other tool, instrument or implement capable of inflicting serious bodily injury.

18 Pa.C.S.A. § 912(a); D.M.W.'s Brief at 15. The trial court determined that the BB gun in D.M.W.'s possession met this definition because it constituted an "instrument or implement capable of inflicting serious bodily harm." Trial Court Opinion, 10/9/14, at 2. Specifically, the trial court ruled that "the projectile from a BB gun has the capacity to partially blind another, which clearly satisfies the 'serious bodily injury' requirement of the statute." *Id.*

---

[1] We note that D.M.W. also claims that the Commonwealth failed to disprove her statutory defense under section 912(c) which provides: "It shall be a defense that the weapon is possessed and used in conjunction with a lawful supervised school activity or course or is possessed for other lawful purpose." D.M.W.'s Brief at 11-13; *see* 18 Pa.C.S.A. § 912(c). D.M.W. contends that her temporary possession of the BB gun while carrying out her intention to voluntarily relinquish the BB gun to the school police was a lawful purpose. D.M.W.'s Brief at 12. As discussed, however, the trial court found D.M.W.'s claim that her sole intention was to relinquish the gun to police lacked credibility. As the trial court's determination is supported by the evidence, we find no basis upon which to grant D.M.W. relief on this issue.

On appeal, D.M.W. argues that the Commonwealth failed to present any evidence that "there were any projectiles to be fired or whether if there were, it was even capable of firing them." D.M.W.'s Brief at 16. D.M.W. directs us to our decision in *In re M.H.M.*, 864 A.2d 1251 (Pa. Super. 2004), in which we concluded that a carbon-dioxide-powered paintball gun was a "weapon" under section 912. According to D.M.W., in this case, unlike in *M.H.M.*, "there was no evidence presented in the case at bar to prove the BB gun was loaded or operable or carbon dioxide-powered." D.M.W.'s Brief at 16-17.

D.M.W. misconstrues our decision in *M.H.M*. In that case, we did not conclude that the paintball gun constituted a weapon under section 912 because it was loaded, or operable, or carbon dioxide-powered. Instead, we determined that a paintball gun is a weapon under section 912 because "[a] paintball gun is capable of inflicting serious bodily injury, such as permanent eye injury and loss of vision." *Id.* at 1257 (citing *In Interest of G.C.*, 179 N.J. 479, 846 A.2d 1222, 1224 (2004)). In reliance on our decision in *M.H.M.*, the Commonwealth Court of Pennsylvania, in *Picone v. Bangor Area Sch. Dist.*, 936 A.2d 556, (Pa. Cmwlth. 2007), likewise determined that a pellet gun constitutes a "weapon" under section 1317.2 of the Public School Code, 24 P.S. § 13–1317.2, which, like section 912, defines a weapon to include an "instrument or implement capable of inflicting serious bodily injury." 24 P.S. § 13–1317.2(a). The Commonwealth Court concluded

that a pellet gun, like a paintball gun, "is capable of inflicting serious injury to the eye." *Id.* at 561-62.

We also reject D.M.W.'s contention that the Commonwealth needed to offer proof that the BB gun at issue in the present case was operable at the time of the offense. While no Pennsylvania appellate court appears to have addressed this precise issue in connection with weapons under section 912, we have addressed the issue in connection with firearms under the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. § 6101 et seq. Under these statutes, including sections 6105 (persons not to possess firearms) and 6106 (firearms not to be carried without a license), we have held that "[t]he Commonwealth [] need not show the weapon to have been operable until evidence of its inoperability has been introduced into evidence." *Commonwealth v. Horshaw*, 346 A.2d 340, 342 (Pa. Super. 1975). Instead,

> [a] reasonable fact finder may, of course, infer operability from an object which looks like, feels like, sounds like or is like, a firearm. Such an inference would be reasonable without direct proof of operability. The inference of operability, however, cannot reasonably be made where all parties agree that the object was not operable.

*Commonwealth v. Layton*, 307 A.2d 843, 844 (Pa. 1973). Thus, "testimony that defendant possessed a gun allow[s] a reasonable inference of operability, despite lack of direct testimony on this issue." *Commonwealth v. Holguin*, 385 A.2d 1346, 1351 (Pa. Super. 1978)

(citing **Commonwealth v. Yaple**, 357 A.2d 617 (Pa. Super. 1976)). D.M.W. has not asserted, or introduced any evidence to prove, that the BB gun in this case was inoperable.

For these reasons, we agree with the trial court that the BB gun at issue here constituted a "weapon" pursuant to section 912, because it has the capacity to inflict serious bodily injury, including the potential to cause serious injuries to the eyes of individuals on school property. As a result, we find no error in connection with D.M.W.'s second issue on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015