J. A03004/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERTO R. LAUREANO, | : | |
| | : | |
| Appellee | : | No. 3602 EDA 2014 |

Appeal from the Order November 19, 2014
In the Court of Common Pleas of Bucks County
Criminal Division No.: CP-09-0000087-2012

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                       **FILED MAY 12, 2016**

On May 12, 2012, the trial court convicted the Appellee, Roberto R. Laureano, of charges related to driving while intoxicated. Rather than file a Post-Sentence Motion, Appellee filed an oral Motion for Extraordinary Relief. On November 19, 2014, the trial court granted the oral Motion for Extraordinary Relief, reversed an earlier decision that permitted the Commonwealth to amend the Information after closing arguments, and found the Appellee not guilty of the charges. The Commonwealth has appealed that Order. After careful review, we conclude that the trial court improperly granted the Motion for Extraordinary Relief. Accordingly, we reverse the trial court's Order, reinstate Appellee's conviction, and again remand for sentencing.

**Factual and Procedural History**

On October 20, 2011, Appellee Roberto R. Laureano, while driving his car, hit and killed a pedestrian. Blood testing revealed the presence of metabolites of marijuana. On February 2, 2012, the Commonwealth charged Appellee with operating a vehicle with marijuana constituent in his system pursuant to 75 Pa.C.S. § 3802(d)(1)(i).

On May 12, 2012, the trial court denied Appellee's pretrial Motion to Suppress the blood test results and immediately held a stipulated waiver trial.

During the trial, the Commonwealth did not present evidence that corresponded to the statutory provision with which the Commonwealth charged the Appellee. In particular, the Commonwealth only presented evidence to establish that Appellee had in his blood stream marijuana metabolites rather than marijuana constituent as the Commonwealth charged in the Information.

During closing arguments, Appellee's attorney capitalized on this error and argued that the Commonwealth failed to meet its burden because it only provided evidence to establish 75 Pa.C.S. § 3802(d)(1)(iii) (marijuana metabolites). Since the Commonwealth charged Appellee with 75 Pa.C.S. § 3802(d)(1)(i) (marijuana constituent), Appellee argued that the Commonwealth failed to provide evidence establishing the presence of marijuana constituent and the trial court must find Appellee not guilty.

Realizing the gravity of this error, the Commonwealth immediately made an oral Motion to Amend the Information to rectify the variance so that the charge matched the evidence the Commonwealth just presented at trial. The trial court granted the Motion to Amend and allowed the Commonwealth to amend the Information so that the charge in the Information reflected the evidence that the Commonwealth had just presented at trial. The trial court then convicted Appellee of the amended charge in the Information under 75 Pa.C.S. § 3802(d)(1)(iii) (marijuana metabolites).

Rather than file a Motion for Post-Sentence relief, Appellee filed a written Motion for Extraordinary Relief requesting, among other things, reconsideration of the Motion to Suppress the blood test results. After a hearing, the trial court granted Appellee's Motion for Extraordinary Relief in part, reversed its previous order denying the Motion to Suppress, granted the Motion to Suppress, and vacated Appellee's conviction. The Commonwealth appealed.

On September 17, 2013, this Court affirmed the order of the trial court suppressing the blood test. **Commonwealth v. Laureano**, 87 A.3d 384, 2714 EDA 2012 (Pa. Super. 2013) (unpublished memorandum). Our Supreme Court granted the Commonwealth's Petition for Allowance of Appeal, vacated this Court's decision, and remanded to this Court for reconsideration in light of **Commonwealth v. Smith**, 77 A.3d 562 (Pa.

2013). ***See Commonwealth v. Laureano***, 91 A.3d 700, 1045 MAL 2013 (Pa. filed April 29, 2014) (unpublished). On remand, this Court reversed the order of the trial court suppressing the blood test, reinstated the conviction, and remanded for sentencing.

On remand in the trial court, Appellee orally raised two additional issues presented in his original written Motion for Extraordinary Relief. Appellee argued that it was highly prejudicial to Appellee to permit the Commonwealth to amend the Information not only after the parties had presented their evidence, but also after he argued during closing argument that the Commonwealth had charged Appellee with the wrong section of the DUI statute.

The trial court granted Appellee's Motion for Extraordinary Relief and reconsidered its earlier decision to permit the Commonwealth to amend the Information after closing arguments. The trial court then concluded that it had incorrectly allowed the Commonwealth to amend its Information during closing argument and reversed that decision. The trial court then found the Appellee not guilty of the charges set forth in the Information because the Commonwealth only presented evidence of the presence of metabolites of marijuana and not marijuana constituent as required by § 3802(d)(1)(i), the section of the DUI statute that the Commonwealth originally charged Appellee with in the Information.

The Commonwealth thereafter filed the instant appeal. On February 10, 2015, this Court issued a Rule to Show Cause directing the Commonwealth to explain the basis for its right to appeal the trial court's entry of a not guilty verdict. The Commonwealth filed a response and relied on **Commonwealth v. Feathers**, 660 A.2d 90 (Pa. Super. 1995), to support its argument that this appeal is permitted. Appellee responded that the Double Jeopardy Clause precluded the Commonwealth's appeal.

## Issues on Appeal

The Commonwealth presents three questions on appeal, which we reorder:

> A. Is the trial court's order granting extraordinary relief, vacating the guilty verdict[,] and entering a verdict of not guilty an appealable order?
>
> B. Did the trial court err in granting Appellee's motion for extraordinary relief and reversing its earlier trial ruling[,] which permitted amendment of the criminal information where the trial ruling granting that amendment was proper?
>
> C. Did the trial court err in permitting a hearing on Appellee's written motion for extraordinary relief insofar as the relevant Rule of Criminal Procedure does not permit such written motions and as the motion was not warranted as it did not allege a manifest error requiring immediate relief?

Appellant's Brief at 4.

## Jurisdiction and Double Jeopardy

Before reaching the substantive claims that the Commonwealth raises, we first consider whether this Court has jurisdiction over this appeal. In doing so, we address whether the Double Jeopardy Clause of the Fifth

Amendment to the U.S. Constitution[1] and Article 1, Section 10 of the Pennsylvania Constitution[2] preclude our review of this appeal.  We conclude that, since the Commonwealth is appealing a Judgment of Acquittal that the trial court granted **after** it entered its original verdict, the Double Jeopardy Clause does not prohibit our review[3].

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary."  **Commonwealth v. Seiders**, 11 A.3d 495, 496-97 (Pa. Super. 2010) (citation omitted).

The Double Jeopardy Clause prohibits prosecutors from repeatedly prosecuting defendants for the same offense, and the protections under the United States and Pennsylvania Constitutions are coextensive. **Commonwealth v. Lively**, 610 A.2d 7, 8 (Pa. 1992).  If a former prosecution results in an acquittal, "statutory law explicitly precludes the Commonwealth from trying a defendant a second time."  **Commonwealth**

---

[1] The Fifth Amendment provides, in relevant part, that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

[2] Article 1, section 10 of the Pennsylvania Constitution provides, in relevant part, that "no person shall, for the same offense, be twice put in jeopardy of life or limb."  Pa. Const. art. I, § 10.

[3] Although the trial court in its Opinion outlines the facts of the case such that its ultimate decision was to find Appellee not guilty, we conclude, as discussed *infra*, that under the unique procedural posture of this case, the not guilty verdict was equivalent to the entry of a Judgment of Acquittal. The trial court acknowledges this as well.  Trial Court Opinion, filed 1/30/15, at 6.

*v. Stevenson*, 829 A.2d 701, 704 (Pa. Super. 2003); 18 Pa.C.S. §§ 109, 110. The Pennsylvania Supreme Court has explained the reasoning for barring retrial:

> This rule barring retrial is confined to cases where the prosecution's failure to meet its burden is clear and a second trial would merely afford the prosecution another opportunity to supply evidence that it failed to put forth in the first proceeding. This prohibition prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance.

*Commonwealth v. Gibbons*, 784 A.2d 776, 778 (Pa. 2001) (citations omitted).

The bar on a prosecutor's right to appeal an unfavorable decision, however, is not absolute. The prosecutor may appeal an unfavorable decision "where a Government appeal presents no threat of successive prosecutions." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569-70 (1977).

In particular, if the trial court enters the Judgment of Acquittal after, and not before, the factfinder convicts a defendant, the Commonwealth has the right to appeal "without running afoul of the Double Jeopardy Clause." *United States v. Wilson,* 420 U.S. 332, 352-53 (1975). The reasoning for allowing the Commonwealth to appeal a post-conviction Judgment of Acquittal is that a "conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a

second trial; the error can be corrected on remand by the entry of a judgment on the verdict." **United States v. Jenkins**, 420 U.S. 358, 365 (1975), *overruled on other grounds by* **United States v. Scott**, 437 U.S. 82 (1978).

The U.S. Supreme Court noted that the defendant "would prefer that the Government not be permitted to appeal or that the judgment of conviction not be entered, but this interest of the defendant is not one that the Double Jeopardy Clause was designed to protect." **Id**. at 365.

In contrast, if the Commonwealth had a right to appeal a pre-conviction Judgment of Acquittal that the trial court entered before a jury convicted a defendant, the only remedy the appellate court could fashion would involve a re-trial of the defendant and this would trigger the Double Jeopardy Clause. **Wilson**, **supra** at 348, 352-53.

The Pennsylvania courts have adopted these principles. In fact, "[f]or one hundred and seventy-five (175) years appellate courts of this Commonwealth have properly entertained appeals by the Commonwealth from orders granting a defendant arrest of judgment." **Commonwealth v. Coleman**, 532 A.2d 477, 482 (Pa. Super. 1987) (citation omitted); **see also** **Feathers**, **supra** at 90.

The courts in Pennsylvania also distinguish between "pre-conviction and post-conviction determinations of the sufficiency of the evidence." **Coleman**, **supra** at 482. This Court, in fact, held that a Judgment of

Acquittal that the trial court enters following a conviction does not become a final judgment until the appellate court rules on the granting of a Judgment of Acquittal. Therefore, jeopardy does not attach until after the appellate court has ruled on the Judgment of Acquittal. *Id*. (quoting **Commonwealth v. Fitzhugh**, 520 A.2d 424, 428 (Pa. Super. 1987)).

In this case, the trial court, after the close of evidence, convicted the Appellee of 75 Pa.C.S. § 3802(d)(1)(i). It was at the sentencing hearing that the Appellee made his oral Motion for Extraordinary Relief seeking a Judgment of Acquittal, which the trial court granted. Since the trial court granted the Judgment of Acquittal after the Appellee had been convicted, the Double Jeopardy Clause does not preclude our review of the trial court's grant of the Motion for Extraordinary Relief.

For these reasons, we have jurisdiction over the Commonwealth's appeal and we proceed to the merits.

### Appellee's Motion For Extraordinary Relief

The Commonwealth next challenges the trial court's Order granting Appellee's oral Motion for Extraordinary Relief seeking a Judgment of Acquittal. After careful review, we conclude that the trial court erroneously and prematurely addressed the straightforward legal issue of the propriety of the amendment to the Information and entered the Judgment of Acquittal. Such an issue is properly reserved for Post-Sentence Motions for the precise procedural reason that this case presents.

Appellee initially filed a written Motion for Extraordinary Relief on July 12, 2012, arguing, *inter alia*, that the trial court erroneously permitted the Commonwealth to amend the Information.[4] On remand, Appellee again raised the issue of the amendment of the Information at the sentencing hearing on November 19, 2014. For the reasons discussed below, the trial court's grant of an oral Motion for Extraordinary Relief to reconsider the amendment issue was improper.

Pennsylvania Rule of Criminal Procedure 704, in relevant part, authorizes the trial court to hear a Motion for Extraordinary Relief and grant a Motion for Judgment of Acquittal in extraordinary circumstances:

**(B) Oral Motion for Extraordinary Relief.**

(1) **Under extraordinary circumstances, when the interests of justice require**, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

(2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.

(3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

---

[4] The Appellee originally filed a written, as opposed to oral, Motion for Extraordinary Relief and then made an oral motion at the sentencing hearing. The trial court, cognizant of the requirement that the Appellee make a motion that is oral, found that it based its decision on the oral, not written, motion. Trial Court Opinion, filed 1/30/15, at 6. We will not disturb that finding and will not address the issue of whether a defendant who files a written and then an oral Motion for Extraordinary Relief waives his right to the issues raised in the motion.

Pa.R.Crim.P. 704(B) (emphasis added).

The Comment to Rule 704 limits the grounds on which a trial court judge can grant a Motion for Extraordinary Relief to those "errors so manifest that immediate relief is essential." Pa.R.Crim.P. 704, Comment.

Applying this rule, this Court has held that Rule 704(B) "was not intended to provide a substitute vehicle for a convicted defendant to raise matters which could otherwise be raised via post[-]sentence motions." *Commonwealth v. Celestin*, 825 A.2d 670, 674 (Pa. Super. 2003). In other words, Motions for Extraordinary Relief are not appropriate for "garden variety" issues that the defendant can raise after sentencing. *Id*.

In this case, the trial court used the authority granted to it pursuant to Rule 704(B), rather than Rule 720, to decide whether the trial court had properly granted the Commonwealth's motion to amend the Information. In other words, the issue is whether the trial court properly decided the amendment issue pursuant to a Motion for Extraordinary Relief or should the trial court have waited to decide it in a Post-Sentence Motion.

As discussed above, after the Commonwealth had closed its case and during the Appellee's closing argument, the Commonwealth made a motion to amend the Information so that the Information reflected the evidence that the Commonwealth had just presented at trial. The trial court granted the motion and permitted the Commonwealth to amend the Information. The trial court then found Appellee guilty of the DUI charge.

At the sentencing hearing, Appellee made a Motion for Extraordinary Relief, requesting that the trial court reverse its decision on the amendment issue and enter a Judgment of Acquittal. The trial court agreed and reversed its decision on the amendment issue and entered a Judgment of Acquittal.

This amendment issue, however, is not an issue so extraordinary, obvious, or egregious as to merit immediate relief or such that the interests of justice are best served by trial court deciding the issue before sentencing Appellee. ***Celestin***, ***supra*** at 674. Rather, this issue is a "garden-variety" legal claim that the trial court should decide after sentencing. Therefore, the trial court lacks the authority to decide it in a Motion for Extraordinary Relief. ***See*** Pa.R.Crim.P. 606, 704, 720; ***Celestin***, ***supra*** at 674.

The trial court in its Opinion, however, opines that the amendment issue was so manifest as to require immediate relief because if the trial court did not address the amendment issue and enter the Judgment of Acquittal, the Appellee "would have been sentenced for this crime on November 19, 2014" and would have faced immediate consequences. Trial Court Opinion, filed 1/30/15, at 6.

Such a broad interpretation of Motions for Extraordinary Relief under Rule 704(B) would eliminate Post-Sentence Motions in their entirety. If the extraordinary reason for making the decision before sentencing is that the defendant will face immediate consequences by the trial court's sentencing of the defendant, then every convicted defendant would have the right to

request extraordinary relief on virtually any legal claim, which would render the limited purpose of oral Motions for Extraordinary Relief as provided by the rules of criminal procedure meaningless.

Accordingly, we conclude that the trial court erred when it entertained Appellee's legal challenge to the amendment of the Information and entered a Judgment of Acquittal pursuant to an oral Motion for Extraordinary Relief.[5]

## Conclusion

The trial court improperly granted relief in this case by reversing its earlier amendment decision. Appellee should have presented his "garden variety" legal claims, and the trial court should have addressed these claims, in a Post-Sentence Motion. This would permit appellate review of the trial court's purely legal conclusions. As a result, we reverse the trial court's Order, reinstate Appellee's conviction, and again remand for sentencing.

Order reversed. Conviction reinstated. Case remanded for sentencing. Jurisdiction relinquished.

---

[5] This court is not addressing the substance of the court's ruling on the Motion for Extraordinary Relief. Rather, this court's holding is limited to the finding that Appellee raised his issues prematurely and should have raised them in a Post-Sentence Motion and not in a Motion for Extraordinary Relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2016